CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Margaret Holmes
3804 Bynner Drive
Mitchellville, MD 20721

*Plaintiff*

05-0006214

vs.                                                                          Civil Action No. _____

PepsiHoldings Inc.
601 7th Street NW
Washington, DC 20068          *Defendant*

Serve On:
Mr Frank Exec Legal Dept.
701 8th Street NW
Washington, DC 20068

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Paul Bennett
Name of Plaintiff's Attorney

133 Defense Hwy                          By _____
Address                                           Deputy Clerk
Suite 209

Annapolis, MD 21401
Telephone (410) 979-6000                Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(0)-458/Mar. 98          NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

0764

MARGARET HOLMES
3809 Aynor Drive
Mitchellville, MD 20721,

      Plaintiff

      v.

PEPCO HOLDINGS, INC.
701 9th Street, NW
Washington, DC 20068

Serve On:
Jill Flack, Esq.
Legal Department
701 9th Street, NW
Washington, DC 20068,

      Defendant

IN THE

SUPERIOR COURT

FOR    05-0006211

THE DISTRICT OF COLUMBIA



Case No.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Margaret Holmes, by and through her attorney, Paul V. Bennett, sues

Defendant, PEPCO, and as grounds states as follows:

### JURISDICTION and VENUE

1.    This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 as

    amended.

2.    Venue properly lies in this jurisdiction because all of the actions complained of

    herein took place in the District of Columbia.

### PARTIES

3.    That Plaintiff, Margaret Holmes, is a resident of Prince George's County, Maryland.

4.    That Defendant, Pepco Holdings, Inc. is an energy holding company engaged in

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

0764

regulated utility operations and sale of competitive energy products and services to residential and commercial customers in the Mid-Atlantic area, whose corporate headquarters are located in Washington, DC.

5.   That at all times relevant herein, Defendant Pepco Holdings, Inc. employed 15 or more employees and has been an employer within the meaning of Title VII.

## ADMINISTRATIVE PREREQUISITES

6.   That within 300 days of the acts set forth herein, Plaintiff filed charges of discrimination and retaliation with the District of Columbia Office of Human Rights ("DCOHR") and jointly with the U.S. Equal Employment Opportunity Commission ("EEOC").

7.   That the EEOC has issued a Notice of Right to Sue to Plaintiff.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

8.   That Plaintiff was hired by Defendant in 1989.

9.   That Ernest Bourscheid became Plaintiff's supervisor in 1998.

10.  That on October 17, 2002, Plaintiff informed her supervisor that she was pregnant, after which her time away from her desk was scrutinized in a manner that was not done to other (male, female/nonpregnant) employees.

11.  That Plaintiff asked that her seating location be changed due to the fact that the smells emanating from the kitchen near her desk were causing her to become nauseated, which would result in Plaintiff spending time in the restroom.

12.  Plaintiff's supervisor told her that she should put a clothespin on her nose if smells bothered her, and that if she was ill, she should "go to Medical." When Plaintiff responded that she felt ill all day, he told her to "stay in Medical all day."

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

13.     That on October 31, 2002, Plaintiff again approached her supervisor to request a
change in seating, since one had not been made. Plaintiff was told by her supervisor
that she could speak to Ms. Jewell (a secretary who was responsible for seating on
Plaintiff's floor) about changing her seat.

14.     That on November 1, 2002, the Plaintiff felt ill and went to the ladies' room. On her
way back to her desk, Plaintiff spoke to Ms. Jewell, who proceeded to show Plaintiff
several available cubicles.

15.     That on November 1, 2002 when Plaintiff returned to her desk with Ms. Jewell,
Plaintiff found her chair had been thrown to the side of her desk, and a note on her
computer monitor from her supervisor that read, "Please see me."

16.     That when Plaintiff then spoke to her supervisor, he became very angry and yelled at
the Plaintiff that "the phone has been ringing off the hook." Plaintiff contends that this
assertion was untrue because the phone logs indicate that there were no incoming calls
at all during the time that Plaintiff was away from her desk.

17.     That Plaintiff's supervisor immediately called Labor Relations and demanded that
Plaintiff be disciplined. Plaintiff was summoned to Labor Relations by Mr. Duarte,
and was issued a written reprimand for "spending too much time away from her desk."

18.     That a mediation was set up on November 13, 2002. Plaintiff's husband asked to be
allowed to attend because he was concerned about the effect that the stressful situation
might have on his wife and her pregnancy, but he was refused.

19.     That at the mediation, Plaintiff's supervisor admitted to the mediator (Angela Bell)
that he had made the comment about the clothespin to the Plaintiff. The mediation did
not result in resolution of several issues, but Plaintiff was reassured that her seat would

Paul V. Bennett
Attorney at Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6500

be changed. This was never done.

20. That in early December 2002, Plaintiff suffered a miscarriage and had to take several days off.

21. That in January 2003, Plaintiff's supervisor requested a meeting with Plaintiff and representatives from Human Resources. At that meeting, Plaintiff was informed that her lunch hour was changed, that she was to inform her supervisor in advance if she would be away from her desk for more than 15 minutes, and that she was to schedule all vacation in advance.

22. That Plaintiff filed a discrimination charge with DCOHR and EEOC in March 2003.

23. That in July/August 2003, Plaintiff's supervisor failed to inform her of a job vacancy, contrary to the normal custom and practice of the company, and which Plaintiff contends was done in order to ensure that another employee would be given the position.

24. That in September/October 2003, Plaintiff applied for a job change with the Defendant and was denied the position even though she met or exceeded all qualifications. Defendant contends that Plaintiff failed a typing test, but refused to provide documentation of this fact to the Plaintiff when she asked for it.

25. That in January 2004, clerical employees in the Shareholder Services Department were transferred to other positions within Defendant company. Plaintiff was assigned duties of the former employees, but was never given compensation for the extra work she was required to perform.

26. That Plaintiff did not receive an annual performance evaluation for the 2002/2003 time period. Plaintiff's most recent evaluation dated April 30, 2004 was unsatisfactory.

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

which she contends was done in order to facilitate a decision to terminate her.

27.   That Plaintiff was terminated from her job on March 4, 2005.

## COUNT I
## SEX DISCRIMINATION (PREGNANCY)
### Title VII of the Civil Rights Act of 1964

28.   Plaintiff hereby realleges paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.   That Plaintiff suffered a disparate treatment employment action by being disciplined for actions that were tolerated from other (male, female/non-pregnant) employees.

30.   That the aforementioned acts constitute unlawful employment action pursuant to Title VII of the Civil Rights Act of 1964.

31.   That the effect of the practices complained of above was to tarnish Plaintiff's employment record and otherwise adversely affect her employment status because of her condition (pregnancy).

32.   That the unlawful employment practices complained of above were intentional.

33.   That the discriminatory actions of Defendant Pepco Holdings, Inc., as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

34.   That the intentional discriminatory actions of Defendant Pepco Holdings, Inc. against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

35.   That Defendant is vicariously liable for the conduct of Defendant's managers and supervisors carried out in the course and scope of their employment.

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

## COUNT II
### RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 USC §704(a)

36.   Plaintiff hereby realleges paragraphs 1 through 35 of this Complaint as though fully set
      forth herein.

37.   That Plaintiff filed sex discrimination charges against the Defendant in March 2003
      with the EEOC and DCOHR.

38.   That Plaintiff was not informed of a vacancy within the company in July/August 2003.

39.   That Plaintiff was denied a position in September/October 2003 even though she was
      qualified to perform the duties of the position.

40.   That in January 2004, Plaintiff was given added responsibilities without being
      compensated for them.

41.   That Plaintiff did not receive an annual performance evaluation for the 2002/2003 time
      period.

42.   That Plaintiff was fired on March 4, 2005.

43.   That Plaintiff contends that the aforementioned actions were taken against Plaintiff in
      retaliation for her participation in the protected activity of filing discrimination charges
      in March 2003.

44.   That the unlawful employment practices described above were intentional.

45.   That the intentional discriminatory actions of Defendant Pepco Holdings, Inc., against
      Plaintiff, as alleged above, were done with malice and/or with reckless indifference to
      Plaintiff's rights.

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

46.    That Defendant is vicariously liable for the conduct of Defendant's managers and

supervisors carried out in the course and scope of their employment.


WHEREFORE, Plaintiff Margaret Holmes demands judgment against Pepco

Holdings, Inc. in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) in

compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, as well as

for prejudgment interest at the legal rate, reasonable attorney's fees, costs of this action and

such other legal or equitable relief that this Court may deem just and proper.


Paul V. Bennett
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, MD 21401
(410) 974-6000

*Attorney for Plaintiff*

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

MARGARET HOLMES,                      *      IN THE

      Plaintiff                           *      SUPERIOR COURT

      v.                                  *      FOR

PEPCO HOLDINGS, INC.                  *      THE DISTRICT OF COLUMBIA

      Defendant                           *      Case No. _____

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues stated herein.


                Respectfully submitted


                Paul V. Bennett
                Paul V. Bennett
                Law Office of Paul V. Bennett
                133 Defense Highway, Suite 209
                Annapolis, Maryland 21401
                (410) 974 - 6000

                *Attorney for Plaintiff*

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000