IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET HOLMES            )
                           )
       Plaintiff,          )
                           )
v.                         )   Civil Action No. 05-2023 (RBW)
                           )
PEPCO HOLDINGS, INC.       )
                           )
       Defendant.          )
_____)

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Pepco Holdings, Inc. ("PHI")[1] hereby admits and denies the allegations contained in Plaintiff Margaret Holmes complaint as follows:

1. The allegations contained in paragraph 1 of the complaint are conclusions of law to which no response is required; to the extent they are construed as allegations of fact, they are denied.

2. The allegations contained in paragraph 2 of the complaint are conclusions of law to which no response is required; to the extent they are construed as allegations of fact, they are denied.

3. Upon information and belief, PHI admits the allegations contained in paragraph 3 of the complaint.

4. Admits.

5. Admits.

---

[1] Plaintiff's actual employer was PHI Service Co. Accordingly, this Answer also shall serve as a Notice of Substitution to substitute PHI Service Co. for Pepco Holdings, Inc. The case caption on all future pleadings will reflect the proper Defendant-in-interest.

6. The allegations contained in paragraph 6 of the complaint are conclusions of law to which no response is required; to the extent they are construed as allegations of fact, they are denied.

7. PHI admits the allegations contained in paragraph 7 of the complaint to the extent supported by the document cited which is the best evidence of its contents; otherwise, the allegations are denied.

8. Admits.

9. Admits.

10. Denies.

11. PHI admits that Plaintiff requested a change in her office location. PHI is without sufficient information or belief to admit or deny the remaining allegations contained in paragraph 11 of the complaint.

12. PHI admits that Plaintiff was advised to seek medical assistance if she ever became ill. PHI denies the remaining allegations contained in paragraph 12 of the complaint.

13. Denies.

14. Denies.

15. Denies.

16. PHI denies the allegations contained in the first sentence of paragraph 16 of the complaint. The remaining allegations are Plaintiff's characterization of facts to which no response is required; to the extent they are deemed allegations of fact, they are denied.

17. Denies.

18. PHI admits that a mediation was scheduled for November 13, 2002 and that Plaintiff's husband was not permitted to attend.

19. PHI states that the mediation process referred to is confidential in nature and, thus, can neither admit nor deny the allegations contained in the first and second sentences of paragraph 19 of the complaint. PHI admits that Plaintiff's office location never changed; however, this was the result of Plaintiff's own choosing.

20. PHI is without sufficient information or belief to admit or deny the reason(s) for her absence from work in or about early December 2002.

21. PHI admits that a meeting was held in or about January 2003 among Plaintiff, her supervisor and a Human Resources representative in order to, among other things, address Plaintiff's frequent, unexplained and unauthorized absences from her work location.

22. PHI admits the allegations contained in paragraph 22 of the complaint to the extent supported by the document cited which is the best evidence of its content; otherwise, the allegations are denied.

23. Denies.

24. PHI denies the allegations in the first sentence of paragraph 24. PHI admits that Plaintiff failed the Keyboard Skills Test, a battery of validated tests used to measure keyboarding, stenographic and typing skill, for a wide variety of office jobs. PHI denies the remaining allegations contained in paragraph 24 of the complaint.

25. PHI admits that, as a result of a corporate reorganization, Plaintiff and other employees were given minor, new and/or additional tasks to perform.

26. Denies.

27. PHI admits that Plaintiff was terminated on or about March 5, 2005.

28. PHI incorporates herein its admissions and denials contained in paragraph 1-27.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. The allegations contained in paragraph 35 of the complaint are conclusions of law to which no response is required. To the extent they are deemed allegations of fact, they are denied.

36. PHI incorporates herein its admissions and denials contained in paragraph 1-35.

37. PHI admits the allegations contained in paragraph 37 of the complaint to the extent supported by the document cited which is the best evidence of its content; otherwise, the allegations are denied.

38. Denies.

39. Denies.

40. Denies.

41. Denies.

42. PHI admits that Plaintiff was terminated on or about March 5, 2005.

43. Denies.

44. Denies.

45. Denies.

46. The allegations contained in paragraph 46 of the complaint are conclusions of law to which no response is required. To the extent they are deemed allegations of fact, they are denied.

47. PHI denies all allegations not specifically admitted herein.

48. PHI denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

49. The complaint fails to state a claim upon which relief may be granted.

50. Plaintiff's claims are barred, in full or part, by the applicable statute of limitations.

51. Plaintiff's claims for relief are barred, in whole or part, by her failure to mitigate her damages, if any.

52. Plaintiff's claims are barred, in whole or part, by her failure to exhaust administrative remedies.

53. Plaintiff's claims for relief are barred as a result of PHI Service Co.'s good faith efforts to prevent workplace discrimination, its implementation and enforcement of a zero-tolerance discrimination policy and its reasonable efforts to prevent and promptly remedy any discriminatory conduct.

54. Plaintiff's claims for relief are barred as a result of her failure to reasonably follow the anti-discrimination policies and procedures implemented by PHI Service Co. and to otherwise avoid harm.

55. PHI was not Plaintiff's employer and is not a proper party in interest.

                Respectfully submitted,

                **LEFTWICH & LUDAWAY, LLC**

                _____/s/_____
                Natalie O. Ludaway (# 405149)
                Mark S. Guberman (# 442683)
                1400 K Street, NW
                Suite 1000
                Washington, DC 20005
                (202) 434-9100
                (202) 783-3420 (facsimile)

Of Counsel
Jill D. Flack (#420020)
Associate General Counsel
701 9th Street, NW
Washington, DC 20068
(202) 872-2756

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Answer to the First Amended Complaint to be served on the following counsel of record via electronic and/or first-class mail delivery on this 20th day of October, 2005:

Paul V. Bennett, Esq.
133 Defense Highway
Suite 209
Annapolis, MD 21401

_____/s/_____
Mark S. Guberman