## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARGARET HOLMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2023 (RBW) |
| | ) | |
| PHI SERVICE CO. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS
### AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant PHI Service Co. ("PHI") respectfully requests that this Court dismiss, in part, Count II of Plaintiff Margaret Holmes' Complaint for failure to state a claim upon which relief can be granted. More specifically, Holmes' allegation in Count II that she was terminated in retaliation for her complaints of pregnancy discrimination was not raised in her administrative charge filed with the Equal Employment Opportunity Commission ("EEOC") and, thus, she has failed to exhaust her administrative remedies with respect to this claim. Accordingly, as further addressed below, Holmes' retaliatory discharge claim contained in Count II should be dismissed as a matter of law.

### Statement of Facts

Holmes alleges in her Complaint that she filed a charge of discrimination with the EEOC in March 2003. Complaint at ¶ 22. This charge alleged that she had been

discriminated against in 2002 on the basis of pregnancy. *See* EEOC charge at Exhibit 1.[1]

Holmes twice amended her charge, in January and May 2004, alleging, *inter alia*,

additional acts of discrimination including acts of retaliation such as failure to advise of

promotional opportunities. *See* Amendments to EEOC charge at Exhibit 2.

Holmes, however, alleges in her Complaint that on March 5, 2005 she was

terminated in retaliation for filing her March 2003 EEOC charge. Complaint at ¶ 42-43.

Nowhere in her March 2003 EEOC charge, or amendments thereto, or in a subsequently-

filed EEOC charge, did Holmes ever contend that her termination was in retaliation for

filing an EEOC charge.

## Argument

A mandatory prerequisite to filing an action under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") is the filing of an administrative

charge with the EEOC. Kidane v. Northwest Airlines, Inc., 41 F. Supp. 2d 12, 15

(D.D.C. 1999); 42 U.S.C. § 2000e-5. Unless a particular claim has been raised in the

underlying EEOC charge or is "like or reasonably related to the allegations" contained in

the EEOC charge, the plaintiff has failed to exhaust her administrative remedies with

respect to that claim and the claim must be dismissed. Id. (internal quotations and

citations omitted). Holmes' failure, therefore, to raise her retaliatory discharge claim in

any EEOC charge warrants dismissal of that claim as a matter of law.

Directly on point is Marshall v. Federal Express Corp., 130 F.3d 1095 (D.C. Cir.

1997). In Marshall, the plaintiff filed an EEOC charge alleging that she had been

precluded from applying for a job vacancy on the basis of her disability under the

---

[1]     As the Complaint expressly references her EEOC charge, the Court may consider it without
converting PHI's motion to dismiss to a motion for summary judgment. Lipton v. MCI Worldcom, Inc.,
135 F. Supp. 2d 182, 186 (D.D.C. 2001).

Americans with Disabilities Act ("ADA").[2]  Approximately two months after filing her
EEOC charge, the plaintiff was discharged but, like Holmes in the case at bar, she did not
amend her charge or file a second charge asserting the allegedly unlawful termination.
130 F.3d at 1098.  Addressing defendant's argument that the plaintiff failed to exhaust
her administrative remedies, the Court of Appeals found that the plaintiff's EEOC charge
did not allege termination and an investigation of her EEOC charge could not
"reasonably be expected" to encompass her unalleged termination claim.[3]  Id.
Accordingly, the Court upheld this Court's dismissal of the retaliation claim.  Id.

Similarly, in Kidane, this Court granted defendant's motion with respect to the
plaintiff's retaliation claim for failure to exhaust his administrative remedies.  41 F. Supp.
2d at 15.  The plaintiff filed an EEOC charge under Title VII alleging discrimination on
the basis of his race and national origin.  Six months after filing his EEOC charge, the
plaintiff was demoted and one month thereafter he was discharged.  Kidane, like Holmes
in the case at bar, did not amend his charge or file a second charge alleging unlawful
termination.  Id.  The Court found that Kidane's failure to exhaust his administrative
remedies barred his termination claim.  Id.  Accordingly, this Court dismissed the claim
for unlawful discharge.  Id.; see also Mianegaz v. Hyatt Corp., 319 F. Supp. 2d 13, 18
(D.D.C. 2004) (dismissing ADEA termination claim because EEOC charge did not raise
claim for termination); Higbee v. Billington, 246 F. Supp. 2d 10, 16 (D.D.C. 2003)
(same).

---

[2]    An ADA claimant, like a Title VII plaintiff, must exhaust administrative remedies before a lawsuit
may be filed on a claim. 130 F.3d at 1098.

[3]    The Court reached this conclusion even though the plaintiff had submitted an affidavit to the
EEOC which advised that she expected to be discharged shortly. Id.

Here, as in the <u>Marshall</u> and <u>Kidane</u> cases, Holmes' termination claim allegedly accrued after she filed her EEOC charge. And, like the plaintiffs in <u>Marshall</u> and <u>Kidane</u>, Holmes did not amend her EEOC charge or file a second EEOC charge to address her termination claim. Accordingly, Holmes has failed to exhaust her administrative remedies with respect to her termination claim and, as a matter of law, the claim for unlawful termination should be dismissed.

<b><u>Conclusion</u></b>

Based on the foregoing, PHI Service Co. respectfully requests that this Court enter the attached Order dismissing Plaintiff's retaliatory termination claim from Count II of the Complaint.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____/s/_____
Natalie O. Ludaway (# 405149)
Mark S. Guberman (# 442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100
(202) 783-3420 (facsimile)

Of Counsel
Jill D. Flack (#420020)
Associate General Counsel
701 9th Street, NW
Washington, DC 20068
(202)872-2756

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion to Dismiss and Memorandum in support thereof to be served on the following counsel of record via first-class mail delivery on this 20th day of October, 2005:

Paul V. Bennett, Esq.
133 Defense Highway
Suite 209
Annapolis, MD 21401

_____/s/_____
Mark S. Guberman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARGARET HOLMES )
)
        Plaintiff, )
)
v. )      Civil Action No. 05-2023 (RBW)
)
PHI SERVICES CO. )
)
        Defendant. )
)

### ORDER

This matter comes before the Court on Defendant's motion to dismiss the claim for retaliatory discharge from Count II of the complaint. Upon consideration of Defendant's motion, any opposition thereto, the record herein and for good cause shown it is hereby this _____ day of _____, 2005

**ORDERED** that Defendant's motion to dismiss is **GRANTED**. The claim for retaliatory discharge contained in Count II of the complaint is hereby dismissed.

_____
REGGIE B. WALTON
JUDGE, UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Copies to:

Natalie O. Ludaway, Esq.
Mark S. Guberman, Esq.
1400 K Street, NW
Suite 1000
Washington, DC  20005

Jill D. Flack, Esq.
701 9th Street, N.W.
Washington, DC 20068

Paul V. Bennett, Esq.
133 Defense Highway
Suite 209
Annapolis, MD 21401