THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET HOLMES            )
                           )
         Plaintiff,        )
                           )
v.                         )    Civil Action No. 05-2023 (RBW)
                           )
PEPCO HOLDINGS, INC.       )
                           )
         Defendant.        )
                           )

## MOTION TO REMAND TO STATE COURT
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, Margaret Holmes, respectfully moves this Court to enter an order remanding the above-entitled action to the Superior Court for the District of Columbia for the reason that Defendant's, PEPCO Holdings Inc. (PHI), Petition for Removal to this Court in the above-entitled action was not filed within thirty days after receipt of a copy of the complaint and summons pursuant to 28 U.S.C. § 1446(b). Accordingly, as further addressed below, this Court should deny Defendant's Petition for Removal and should remand the above-entitled action to the Superior Court for the District of Columbia.

### Statement of Facts

Plaintiff filed the complaint in the above-entitled action in the Superior Court for the District of Columbia (Civil Action No. 05-006214) on August 4, 2005 for alleged violations of Title VII of the Civil Rights Act of 1964. Although allegedly not qualified by law to receive process of service, Ms. Jill D. Flack, an Associate General Counsel of PHI, received the summons and complaint, via certified mail, on or about August 22, 2005. See Declaration of Jill D. Flack attached hereto as Exhibit 1. Ms. Flack forwarded the summons and complaint to Ms. Natalie Ludaway, Esq. and Mark Guberman, Esq., counsel for PHI in this action. PHI, by

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

1

and through Mr. Guberman and/or Ms. Ludaway, in turn filed PHI's Motion to Dismiss this action in the Superior Court for the District of Columbia on September 12, 2005 for insufficient service of process pursuant to Rule 12(b)(5) of the District of Columbia Superior Court Rules. The Superior Court for the District of Columbia on October 11, 2005 denied PHI's Motion to Dismiss. See the Order attached hereto as Exhibit 2. PHI then filed the Notice of Removal in this Court on October 13, 2005. See Notice of Removal.

## Argument

In determining when the 30-day clock of 28 U.S.C. § 1446(b) begins to run for a defendant to file its Notice to Remove a case from state court to federal court, this Court has adopted the "receipt rule," which holds that "the thirty-day period begins when the defendant receives a copy of the initial pleading through any means, not just service of process." Ibrahim v. 1417 N. Street Associates, L.P., 950 F.Supp. 406, 407 (D.D.C. 1997). This Court has held that "It is reasonable to begin the 30-day clock of 28 U.S.C. § 1446(b) once a defendant receives a copy of the initial pleading because formal service of process will not provide the defendant with any further information relevant to its decision on whether or not to remove." Id. See Weigert v. Georgetown University, 43 F.Supp. 5, 6-7 (D.D.C. 1999).

A prerequisite for starting the 30-day clock to remove an action from a state court to a federal court pursuant to 28 U.S.C. 1446(b) is that the notice provide the defendant with objective grounds that manifest the federal nature of the claim asserted. The U.S. Court of Appeals for the Fourth Circuit held that it would "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Lovern v. General Motors Corp., 121 F.3d 160, 162

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

2

(4th Cir. 1997). In examining 28 U.S.C. 1446(b), this Court "views this line of reasoning as persuasive especially in light of the strict construction given to removal statutes." Julien v. CCA of Tennessee, Inc., 268 F.Supp.2d 19, 22 (D.D.C. 2003).

In its Notice of Removal at ¶ 2, PHI *incorrectly* relies on the formal service of the complaint on September 20, 2005 as the trigger to start the 30-day clock to remove this case to this Court (see PHI's Notice to Remove) rather than when PHI's Associate General Counsel effectively received the complaint and summons on August 22, 2005 (see PHI's Declaration by its Associate General Counsel attached hereto as Exhibit 1) or when PHI's counsel in this action received a copy of the complaint, which occurred prior to filing PHI's Motion to Dismiss this action in the Superior Court for the District of Columbia on September 12, 2005. Therefore, the clock to file the Notice of Removal by PHI began prior to September 12, 2005, and accordingly, PHI's delay in filing its Notice of Removal until October 13, 2005, over thirty days later, warrants remanding this action to the Superior Court for the District of Columbia pursuant to 28 U.S.C. 1447(c).

The complaint in this action clearly sets forth the federal nature of the asserted claim and grounds to remove when all counts in this complaint state alleged violations of Title VII of the Civil Rights Act of 1964. Therefore, PHI's Associate General Counsel, who received the original complaint and summons on August 22, 2005, and the attorneys representing PHI in this action, who received a copy of this complaint prior to September 12, 2005, should have known that alleged violations of Title VII of the Civil Rights Act of 1964, which were clearly indicated in that complaint, are a basis to remove this action to this Court. Defendant therefore has no valid excuse for waiting more than 30 days from receipt of the complaint before attempting to remove this matter to the federal courts.

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

3

## Conclusion

Based on the foregoing and pursuant to 28 U.S.C. 1447, Plaintiff, Margaret Holmes, respectfully requests that this Court remand this action to the Superior Court for the District of Columbia.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq.
The Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, MD 21401
(410) 974-6000
(410) 224-4590 facsimile
D.C. Bar # 427358

*Attorney for Plaintiff*

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

4

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion to Remand and Memorandum in support thereof to be served on the following counsels of record via first-class mail delivery on this _____ day of October 2005:

Natalie O. Ludaway, Esq.
Leftwich & Ludaway LLC
1400 K Street, NW
Suite 1000
Washington, DC 2005

Mark S. Guberman, Esq.
Leftwich & Ludaway LLC
1400 K Street, NW
Suite 1000
Washington, DC 2005


_____
Paul V. Bennett