THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET HOLMES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2023 (RBW) |
| ) | |
| PEPCO HOLDINGS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, Margaret Holmes, respectfully opposes defendant's, PEPCO Holdings Inc. (PHI), Motion to Dismiss for the reason that the termination of plaintiff by defendant is ancillary and reasonably related to the allegations raised in her charges of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. that plaintiff filed against defendant with the Equal Employment Opportunity Commission ("EEOC"), which now are properly before this Court. Accordingly, as further addressed below, plaintiff requests this Court deny defendant's Motion to Dismiss.

In the alternative, plaintiff respectfully moves this Court to defer ruling on defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56(f) for the reason that plaintiff has filed a separate charge of retaliation against defendant with the Equal Employment Opportunity Commission ("EEOC") for termination in retaliation of the plaintiff's original filing of an EEOC complaint. This new complaint has not yet been acted upon by

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

EEOC. Accordingly, as further addressed below, plaintiff requests this Court defer ruling until the EEOC rules on this matter.[1]

### Statement of Facts

Plaintiff formally filed a charge of sex discrimination in March 2003 and charges of sex discrimination and retaliation on January 21, 2004 and May 21, 2004 with the EEOC pursuant to Title VII. See EEOC complaint and amendments attached thereto as Exhibit 1. Defendant terminated plaintiff's employment at PHI on March 4, 2005. Plaintiff filed suit against defendant for violations of Title VII on August 4, 2005 in the Superior Court for the District of Columbia. See complaint attached hereto as Exhibit 2. Plaintiff formally filed a charge of retaliation with the EEOC against defendant pursuant to Title VII on [date] for the reason that defendant terminated plaintiff on March 4, 2005 in retaliation to charges of discrimination that were reported to the EEOC in March 2003, January 2004, and May 2004 by plaintiff. See EEOC complaint for retaliatory termination attached hereto as Exhibit 3.

### Argument

**1.   The Retaliatory Discharge Claim is Reasonably Related to the Retaliation Charges Raised in Plaintiff's Earlier EEOC Charges.**

The requirement that plaintiff exhaust administrative remedies for a retaliatory discharge are satisfied when the discharge is ancillary and reasonably related to discrimination actions properly before the court. Anderson v. Block, 807 F.2d 145 (8th Cir. 1986). This Court has held that the "judicial complaint may encompass any discrimination like or reasonably related to the allegations of the [administrative] charge, including new acts occurring during the pendency of the charge." Thorne v. Cazavous, 744 F. Supp. 348, 351 (D.D.C. 1990) (quoting

---

[1] An alternative option for the Court is to grant the defendant's Motion to Dismiss, but to do so without prejudice so as to allow the EEOC to process the retaliatory discharge claim and in turn, allow plaintiff to amend the complaint to include the retaliatory discharge at that time.

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

2

Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986) and Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973)).

In the case at bar, the judicial complaint at ¶ 43 in Count II raises the retaliatory termination of plaintiff by defendant on March 4, 2005. This charge is ancillary and reasonably related to earlier allegations of retaliation and discrimination that were reported to the EEOC in March 2003, January 2004, and May 2004 by plaintiff, which are now before this Court. The facts in the January and May 2004 amendments to her EEOC complaint charged retaliation. Therefore, plaintiff should not have to file retaliatory discharge claims with the EEOC relating to her termination prior to raising it in her judicial complaint. Plaintiff has therefore properly stated a claim upon which relief may be granted in her judicial complaint.

2. **Even If Plaintiff Is Required to File a Separate Charge for Retaliatory Discharge, She Has Done So.**

A prerequisite for filing charges of retaliation with the EEOC is filing a charge within 300 days of the retaliatory act. 42 U.S.C. § 2000e-5(e). Defendant terminated plaintiff on March 4, 2005. Plaintiff has now filed a separate charge of retaliatory discharge with the EEOC, which is within 300 days of plaintiff's termination. The EEOC is expeditiously processing plaintiff's charge of retaliation.

"When reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Lipton v. MCI Worldcom, Inc., 135 F. Supp. 2d 182, 186 (D.D.C. 2001). Rule 56(f) expressly authorizes the court to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." In order to permit the EEOC to process the

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

3

retaliatory termination charge, Plaintiff respectfully requests that this Court defer ruling on Defendant's Motion to Dismiss pending the EEOC process.[2]

## Conclusion

Wherefore, for the foregoing reasons, plaintiff respectfully requests that this Court deny defendant's Motion to Dismiss, or in the alternative, that this Court delay its ruling on the Motion pending completion of the EEOC process.

Respectfully submitted,

                /s/
Paul V. Bennett, Esq.
The Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, MD 21401
(410) 974-6000
(410) 224-4590 facsimile
D.C. Bar # 427358

*Attorney for Plaintiff*

---

[2] By separate motion, plaintiff has sought to have this case remanded to the DC Superior Court on the grounds that defendant's Removal to the federal court was not timely. Plaintiff therefore requests that plaintiff's Motion to Remand be ruled on before ruling on defendant's Motion to Dismiss. If the case is remanded, this Motion to Dismiss will be moot since this Court will no longer have jurisdiction.

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

4