MARGARET HOLMES  
3809 Aynor Drive  
Mitchellville, MD 20721,

    Plaintiff

v.

PEPCO HOLDINGS, INC.  
701 9th Street, NW  
Washington, DC 20068

Serve On:  
Jill Flack, Esq.  
Legal Department  
701 9th Street, NW  
Washington, DC 20068,

    Defendant

IN THE

SUPERIOR COURT

FOR

THE DISTRICT OF COLUMBIA

RECEIVED  
Civil Clerk's Office  
AUG 0 4 2005  
Superior Court of the  
District of Columbia  
Washington, D.C.

Case No. 05-0006214

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Margaret Holmes, by and through her attorney, Paul V. Bennett, sues Defendant, PEPCO, and as grounds states as follows:

### JURISDICTION and VENUE

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 as amended.

2. Venue properly lies in this jurisdiction because all of the actions complained of herein took place in the District of Columbia.

### PARTIES

3. That Plaintiff, Margaret Holmes, is a resident of Prince George's County, Maryland.

4. That Defendant, Pepco Holdings, Inc. is an energy holding company engaged in

EXHIBIT 2

regulated utility operations and sale of competitive energy products and services to residential and commercial customers in the Mid-Atlantic area, whose corporate headquarters are located in Washington, DC.

5. That at all times relevant herein, Defendant Pepco Holdings, Inc. employed 15 or more employees and has been an employer within the meaning of Title VII.

## ADMINISTRATIVE PREREQUISITES

6. That within 300 days of the acts set forth herein, Plaintiff filed charges of discrimination and retaliation with the District of Columbia Office of Human Rights ("DCOHR") and jointly with the U.S. Equal Employment Opportunity Commission ("EEOC").

7. That the EEOC has issued a Notice of Right to Sue to Plaintiff.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

8. That Plaintiff was hired by Defendant in 1989.

9. That Ernest Bourscheid became Plaintiff's supervisor in 1998.

10. That on October 17, 2002, Plaintiff informed her supervisor that she was pregnant, after which her time away from her desk was scrutinized in a manner that was not done to other (male, female/nonpregnant) employees.

11. That Plaintiff asked that her seating location be changed due to the fact that the smells emanating from the kitchen near her desk were causing her to become nauseated, which would result in Plaintiff spending time in the restroom.

12. Plaintiff's supervisor told her that she should put a clothespin on her nose if smells bothered her, and that if she was ill, she should "go to Medical." When Plaintiff responded that she felt ill all day, he told her to "stay in Medical all day."

13. That on October 31, 2002, Plaintiff again approached her supervisor to request a change in seating, since one had not been made. Plaintiff was told by her supervisor that she could speak to Ms. Jewell (a secretary who was responsible for seating on Plaintiff's floor) about changing her seat.

14. That on November 1, 2002, the Plaintiff felt ill and went to the ladies' room. On her way back to her desk, Plaintiff spoke to Ms. Jewell, who proceeded to show Plaintiff several available cubicles.

15. That on November 1, 2002 when Plaintiff returned to her desk with Ms. Jewell, Plaintiff found her chair had been thrown to the side of her desk, and a note on her computer monitor from her supervisor that read, "Please see me."

16. That when Plaintiff then spoke to her supervisor, he became very angry and yelled at the Plaintiff that "the phone has been ringing off the hook." Plaintiff contends that this assertion was untrue because the phone logs indicate that there were no incoming calls at all during the time that Plaintiff was away from her desk.

17. That Plaintiff's supervisor immediately called Labor Relations and demanded that Plaintiff be disciplined. Plaintiff was summoned to Labor Relations by Mr. Duarte, and was issued a written reprimand for "spending too much time away from her desk."

18. That a mediation was set up on November 13, 2002. Plaintiff's husband asked to be allowed to attend because he was concerned about the effect that the stressful situation might have on his wife and her pregnancy, but he was refused.

19. That at the mediation, Plaintiff's supervisor admitted to the mediator (Angela Bell) that he had made the comment about the clothespin to the Plaintiff. The mediation did not result in resolution of several issues, but Plaintiff was reassured that her seat would

Paul V. Bennett
Attorney-At-Law
] Defense Highway
Suite 309
napolis, MD 21401
4?? 574-6000

be changed. This was never done.

20. That in early December 2002, Plaintiff suffered a miscarriage and had to take several days off.

21. That in January 2003, Plaintiff's supervisor requested a meeting with Plaintiff and representatives from Human Resources. At that meeting, Plaintiff was informed that her lunch hour was changed, that she was to inform her supervisor in advance if she would be away from her desk for more than 15 minutes, and that she was to schedule all vacation in advance.

22. That Plaintiff filed a discrimination charge with DCOHR and EEOC in March 2003.

23. That in July/August 2003, Plaintiff's supervisor failed to inform her of a job vacancy, contrary to the normal custom and practice of the company, and which Plaintiff contends was done in order to ensure that another employee would be given the position.

24. That in September/October 2003, Plaintiff applied for a job change with the Defendant and was denied the position even though she met or exceeded all qualifications. Defendant contends that Plaintiff failed a typing test, but refused to provide documentation of this fact to the Plaintiff when she asked for it.

25. That in January 2004, clerical employees in the Shareholder Services Department were transferred to other positions within Defendant company. Plaintiff was assigned duties of the former employees, but was never given compensation for the extra work she was required to perform.

26. That Plaintiff did not receive an annual performance evaluation for the 2002/2003 time period. Plaintiff's most recent evaluation dated April 30, 2004 was unsatisfactory,

Paul V. Bennett
Attorney At Law
Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

which she contends was done in order to facilitate a decision to terminate her.

27. That Plaintiff was terminated from her job on March 4, 2005.

## COUNT I
## SEX DISCRIMINATION (PREGNANCY)
### Title VII of the Civil Rights Act of 1964

28. Plaintiff hereby realleges paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. That Plaintiff suffered a disparate treatment employment action by being disciplined for actions that were tolerated from other (male, female/non-pregnant) employees.

30. That the aforementioned acts constitute unlawful employment action pursuant to Title VII of the Civil Rights Act of 1964.

31. That the effect of the practices complained of above was to tarnish Plaintiff's employment record and otherwise adversely affect her employment status because of her condition (pregnancy).

32. That the unlawful employment practices complained of above were intentional.

33. That the discriminatory actions of Defendant Pepco Holdings, Inc., as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

34. That the intentional discriminatory actions of Defendant Pepco Holdings, Inc. against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

35. That Defendant is vicariously liable for the conduct of Defendant's managers and supervisors carried out in the course and scope of their employment.

Paul V. Bennett
Attorney At Law
3 Defense Highway
Suite 205
Annapolis, MD 21401
(410) 224-8000

## COUNT II
## RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 USC §704(a)

36. Plaintiff hereby realleges paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. That Plaintiff filed sex discrimination charges against the Defendant in March 2003 with the EEOC and DCOHR.

38. That Plaintiff was not informed of a vacancy within the company in July/August 2003.

39. That Plaintiff was denied a position in September/October 2003 even though she was qualified to perform the duties of the position.

40. That in January 2004, Plaintiff was given added responsibilities without being compensated for them.

41. That Plaintiff did not receive an annual performance evaluation for the 2002/2003 time period.

42. That Plaintiff was fired on March 4, 2005.

43. That Plaintiff contends that the aforementioned actions were taken against Plaintiff in retaliation for her participation in the protected activity of filing discrimination charges in March 2003.

44. That the unlawful employment practices described above were intentional.

45. That the intentional discriminatory actions of Defendant Pepco Holdings, Inc., against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

46. That Defendant is vicariously liable for the conduct of Defendant's managers and supervisors carried out in the course and scope of their employment.

WHEREFORE, Plaintiff Margaret Holmes demands judgment against Pepco Holdings, Inc. in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, as well as for prejudgment interest at the legal rate, reasonable attorney's fees, costs of this action and such other legal or equitable relief that this Court may deem just and proper.

Paul V. Bennett
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, MD 21401
(410) 974-6000

*Attorney for Plaintiff*

| | | |
|---|---|---|
| MARGARET HOLMES, | * | IN THE |
| Plaintiff | * | SUPERIOR COURT |
| v. | * | FOR |
| PEPCO HOLDINGS, INC. | * | THE DISTRICT OF COLUMBIA |
| Defendant | * | Case No. ________ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues stated herein.

Respectfully submitted

Paul V. Bennett
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
(410) 974 - 6000

*Attorney for Plaintiff*

l V. Bennett
rney-At-Law
fense Highway
Suite 209
olis, MD 21401
)-974-6000

## DISMISSAL AND NOTICE OF RIGHTS

To: Margaret Holmes
3808 Ayner Drive
Mitchellville, MD 20721

From: Washington Field Office
1801 L Street, N.W.
Suite 100
Washington, DC 20507

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

EEOC Charge No.: 10C-2003-00075
EEOC Representative: David Gonzalez, State & Local Coordinator
Telephone No.: (202) 419-0714

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_[signature]_ Dana Hutter, Acting Director

MAY 5 2005
(Date Mailed)

Enclosure(s)

cc: Jill Fleck
PEPCO
1900 Pennsylvania Avenue, NW
Washington, DC 20068