IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET HOLMES )<br>)<br>Plaintiff, )<br>)<br>v.  )<br>)<br>PHI SERVICE CO. )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-2023 (RBW) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant PHI Service Co. ("PHI") respectfully opposes Plaintiff Margaret Holmes' Motion to Remand and requests that this Court deny Holmes' motion.

### Procedural History

On or about August 4, 2005, Plaintiff Margaret Holmes ("Plaintiff" or "Holmes") filed a complaint against PHI in the Superior Court for the District of Columbia for discrimination under Title VII of the Civil Rights Act. After two attempts, Holmes finally served PHI on September 20, 2005. Holmes' failure to effectuate service of process was strictly of her own making – she did not direct that the complaint be served on PHI's registered agent. *See* PHI Motion to Dismiss at Exhibit 1; Holmes' Opposition to Motion to Dismiss at Exhibit 2.

Twenty three days after properly being served with Holmes' complaint, on October 13, 2005, PHI filed a notice of removal to remove this matter to this Court. *See generally* Notice of Removal. As explained below, PHI's notice of removal was timely filed and Holmes has no legitimate basis for challenging the removal of this case to the United States District Court for the District of Columbia.

**Argument**

Holmes, in her Motion to Remand, mischaracterizes the procedural events that occurred before the Superior Court and inexplicably omits controlling case law which is dispositive of the issue before this Court.  As to her mischaracterizations, Holmes seeks to mislead this Court that she effectuated service over PHI on August 22, 2005.  *See* Holmes' Motion to Remand at 1.  In her Motion to Remand, Holmes fails to advise the Court that service actually was not effectuated until September 20, 2005.  Rather, she states that PHI obtained the complaint on or about August 22, 2005 and the Superior Court subsequently denied PHI's motion to dismiss for insufficient service.  *See* Motion to Remand at 1-2.

However, as <u>admitted</u> by Holmes in her opposition to PHI's motion to dismiss based on insufficiency of process, she did not effectuate service on or about August 22, 2005.  *See* Exhibit 3 at 1-2 ("Plaintiff erroneously identified [in-house counsel] as the resident agent" and, subsequently, "Plaintiff determined that John J. Sullivan, Esq. is the person authorized to accept service of process for Defendants" whereupon Plaintiff attempted service on Mr. Sullivan).  Superior Court Judge Wright by Order dated October 11, 2005 acknowledged, via the affidavit of service filed by Holmes, that service was effectuated on September 20, 2005.  *See* Exhibit 3.

The only relevant date, therefore, is the date that PHI was in fact served: September 20, 2005.  It is from this date that the clock begins to run to determine the deadline for removal to this Court.  <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999).

In Michetti, which Holmes did not cite or even acknowledge in her Motion to Remand, the Supreme Court clarified the deadline for a notice of removal. There, the plaintiff faxed a copy of the complaint to the defendant and two weeks later effectuated service of process on the defendant. The defendant filed a notice of removal less than thirty days after formal service but more than thirty after receipt of the complaint by facsmile.

The Court held that removal was timely as the thirty-day removal window under Section 1446(b) begins to run from actual service of process, as opposed to receipt of the complaint as argued by plaintiff. 526 U.S. at 347-48. A "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint . . . after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. (emphasis added). Here, although Holmes argues that PHI's informal receipt of the complaint begins the clock, pursuant to the holding in Michetti, the clock did not begin running until Holmes actually effectuated service on PHI on September 20, 2005.

In Kopff v. World Research Group, LLC, Judge Friedman of this Court acknowledged that, pursuant to Michetti, the removal clock does not begin running until formal service is effectuated. See Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50, 57 (D.D.C. 2003). Further, all courts since Michetti have recognized that the holding in Michetti settled the question of when the thirty-day removal window commences. Boyd v. Phoenix Funding Corp., 366 F.3d 524, 530 (7th Cir. 2004); Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 756 (8th Cir. 2001); Badon v. RJR Nabisco Inc., 224 F.3d 382, 390 n.12 (5th Cir. 2000); In re: FMC Corp. Packaging Sys.

Div., 208 F.3d 445, 447 (3d Cir. 2000); Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999); Piacente v. State Univ. of N.Y. at Buffalo, 362 F. Supp. 2d 383, 385 n.5 (W.D.N.Y. 2004).[1]  Accordingly, PHI's notice of removal, filed less than thirty days after it actually was served with process, was timely.

## Conclusion

Given the foregoing procedural history of this case and the overwhelming weight of legal precedent, PHI respectfully requests that this Court enter the attached Order denying Holmes' motion to remand.[2]

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____/s/_____
Natalie O. Ludaway (# 405149)
Mark S. Guberman (# 442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100
(202) 783-3420 (facsimile)

---

[1]  The Ibrahim, Weigert and Lovern cases cited in Holmes' motion to remand all were decided before Michetti and, to the extent they contradict the holding in Michetti, are no longer good law.  The Julien case, also cited by Holmes, only addresses whether diversity jurisdiction existed for purposes of removal and does not even cite to Michetti.  Accordingly, the Julien case is wholly inapposite.

[2]  PHI's opposition became necessary only due to Holmes' counsel's refusal to withdraw the motion to remand after being placed on notice of the dispositive holding in Michetti.  *See* Letter to counsel dated October 31, 2005 at Exhibit 4.  PHI defers to this Court's inherent authority to determine whether any sanction is warranted pursuant to the Court's authority under FRCP 11 or 28 U.S.C. § 1927.

Of Counsel
Jill D. Flack
Associate General Counsel
701 9th Street, NW
Washington, DC 20068
(202) 872-2756

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET HOLMES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2023 (RBW) |
| ) | |
| PHI SERVICE, CO. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **ORDER**

This matter comes before the Court on Plaintiff Margaret Holmes' motion to remand. Upon consideration of Plaintiff's motion, PHI Service Co.'s opposition thereto, the record herein and for good cause shown, it is hereby this _____ day of

_____, 2005

**ORDERED** that the motion to remand is **DENIED**.

_____
REGGIE B. WALTON
JUDGE, UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA