## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

MARGARET HOLMES       )
       )
    Plaintiff,      )
       )
v.       )    Civil Action No. 05-006214
       )    Judge Melvin R. Wright
PEPCO HOLDINGS, INC.    )
       )    Next Event:
    Defendant.     )
       )    Initial Conference on Nov. 4, 2005

## MOTION TO DISMISS

Pursuant to D.C. Superior Court Rule (the "Rule(s)") 12(b)(5), Defendant Pepco Holdings, Inc. ("PHI") respectfully requests that this Court dismiss the instant matter for insufficient service of process. In further support of its motion, PHI incorporates by reference the attached Memorandum of Points and Authorities.

Pursuant to Rule 12-I(a), PHI attempted to gain Plaintiff's consent to this motion but the parties are unable to reach an agreement.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

Natalie O. Ludaway (# 405149)
Mark S. Guberman (# 442683)
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9100
(202) 783-3420 (facsimile)

Jill D. Flack (# 420020)
Associate General Counsel
Pepco Holdings, Inc.
701 9th Street, N.W.
Washington, DC 20068
(202) 872-2756
(202) 872-3281 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion to Dismiss and Memorandum in support thereof to be served on the following counsel of record via first-class mail delivery on this 12th day of September 2005:

Paul V. Bennett, Esq.
133 Defense Highway
Suite 209
Annapolis, MD 21401

Mark S. Guberman

*Counsel for Pepco Holdings, Inc.*

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

MARGARET HOLMES )
)
     Plaintiff, )
)
v. )    Civil Action No. 05-006214
)    Judge Melvin R. Wright
PEPCO HOLDINGS, INC. )
)    Next Scheduled Matter:
     Defendant. )
_____ )    Initial Conference on Nov. 4, 2005

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss. Upon

consideration of Defendant's motion, any opposition thereto, the record herein and for

good cause shown, it is hereby this _____ day of _____, 2005:

**ORDERED** that the Motion to Dismiss is **GRANTED**. This matter is dismissed

in its entirety.


                           _____
                           Judge Melvin R. Wright
                           Superior Court for the District of
                           Columbia

Copies to:

Natalie O. Ludaway, Esq.
Mark S. Guberman, Esq.
1400 K Street, NW
Suite 1000
Washington, DC  20005

Jill D. Flack, Esq.
Pepco Holdings, Inc.
701 9th Street, N.W.
Washington, DC 20068

Paul V. Bennett, Esq.
133 Defense Highway
Suite 209
Annapolis, MD 21401

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division

MARGARET HOLMES )
)
      Plaintiff, )
)
v. )     Civil Action No. 05-006214
)     Judge Melvin R. Wright
PEPCO HOLDINGS, INC. )
)     Next Event:
      Defendant. )
)     Initial Conference on Nov. 4, 2005

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Pepco Holdings, Inc. ("PHI") respectfully submits the instant Memorandum of Points and Authorities in support of its Motion to Dismiss for insufficiency of process.

### Preliminary Statement

Superior Court Rule ("Rule") 4(h)(1) requires that service of process upon a corporation, like PHI, is proper and complete only if made on an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Here, Plaintiff Margaret Holmes caused process to be served on Jill Flack, a PHI Associate General Counsel, via certified mail delivery. Ms. Flack, however, is neither an officer, managing or general agent of PHI or otherwise authorized to accept service on behalf of PHI and thus service is insufficient as a matter of law and, pursuant to Rule 12(b)(5), this case should be dismissed.

## Factual Background

Holmes instituted this action on or about August 4, 2005 against PHI for alleged violations of Title VII of the Civil Rights Act of 1964. Holmes caused the summons and complaint to be served on Ms. Flack, an Associate General Counsel of PHI, via certified mail on or about August 22, 2005. See Summons and Complaint, Exhibit 1; Affidavit of Jill Flack, Exhibit 2.

Although Holmes served Ms. Flack, she is not:

1.     An officer of PHI.

2.     A managing agent of PHI.

3.     A general agent of PHI.

4.     Authorized by appointment to receive service of process.

5.     Authorized by law to receive service of process.

Affidavit of Jill Flack at 4, Exhibit 2. Accordingly, as discussed below, service on PHI is insufficient and this case should be dismissed as a matter of law.

## Argument

For service to be effective and complete on a corporation, it must be made on an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h). Here, as discussed above, Ms. Flack is none of these.

An "officer" is one granted general powers, which Ms. Flack does not possess, to exercise judgment or discretion on behalf of a company. See Romand v. Zimmerman, 881 F. Supp. 806, 811 (N.D.N.Y. 1995). In addition, PHI has neither explicitly nor implicitly authorized Ms. Flack to receive process on her behalf and, thus, she is not a

managing or general agent or otherwise authorized to receive process on behalf of PHI.
See McLaughlin v. Fidelity Sec. Life Ins., 667 A.2d 105, 106 (D.C. 1995).

Accordingly, given that Ms. Flack is not authorized to receive process on behalf
of PHI, service on PHI was ineffective and incomplete and the complaint should be
dismissed.  United States v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 12 n.1 (D.D.C.
2003) (holding that defendant's attorney not authorized to receive service of process);
McLaughlin v. Fidelity Sec. Life Ins., 667 A.2d 105, 106 (D.C. 1995) (same).

### Conclusion

Based upon the foregoing, PHI respectfully requests that this Court dismiss the
instant action.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

Natalie O. Ludaway (# 405149)
Mark S. Guberman (# 442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100
(202) 783-3420 (facsimile)

Jill D. Flack (# 420020)
Associate General Counsel
Pepco Holdings, Inc.
701 9th Street, N.W.
Washington, DC 20068
(202) 872-2756
(202) 872-3281 (facsimile)

**EXHIBIT No. 1**

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

RECEIVED
AUG 2 2 2005
LEGAL SERVICES

Marquica Holmes
3209 Ayner Drive
Brownville MD 20721

*Plaintiff*

05-0006211

vs.

Pepco Holdings Inc.
701 9th Street NW
Washington DC 20068

*Defendant*

Serving on:
Jill Price, Esq., Legal Dept.
701 9th Street, NW
Washington, DC 20068

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

PAUL BENNETT
Name of Plaintiff's Attorney

153 DEFENSE HWY
Address

SUITE 209

ANNAPOLIS, MD 21401

Telephone: (410) 974-6000

By _____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

MARGARET HOLMES
3809 Aynor Drive
Mitchellville, MD 20721,

       Plaintiff

       v.

PEPCO HOLDINGS, INC.
701 9th Street, NW
Washington, DC 20068

Serve On:
Jill Flack, Esq.
Legal Department
701 9th Street, NW
Washington, DC 20068,

       Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE

SUPERIOR COURT

FOR

THE DISTRICT OF COLUMBIA

AUG 2 2 2005
LEGAL SERVICES

RECEIVED
Civil Clerk's Office
AUG 0 4 2005
Superior Court of the
District of Columbia
Washington, D.C.

Case No.
05-0006213

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Margaret Holmes, by and through her attorney, Paul V. Bennett, sues

Defendant, PEPCO, and as grounds states as follows:

### JURISDICTION and VENUE

1.    This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 as

amended.

2.    Venue properly lies in this jurisdiction because all of the actions complained of

herein took place in the District of Columbia.

### PARTIES

3.    That Plaintiff, Margaret Holmes, is a resident of Prince George's County, Maryland.

4.    That Defendant, Pepco Holdings, Inc. is an energy holding company engaged in

Paul V. Bennett
Attorney-At-Law
1 Defense Highway
Suite 209
napolis, MD 21401
410 974-6000

regulated utility operations and sale of competitive energy products and services to residential and commercial customers in the Mid-Atlantic area, whose corporate headquarters are located in Washington, DC.

5.   That at all times relevant herein, Defendant Pepco Holdings, Inc. employed 15 or more employees and has been an employer within the meaning of Title VII.

## ADMINISTRATIVE PREREQUISITES

6.   That within 300 days of the acts set forth herein, Plaintiff filed charges of discrimination and retaliation with the District of Columbia Office of Human Rights ("DCOHR") and jointly with the U.S. Equal Employment Opportunity Commission ("EEOC").

7.   That the EEOC has issued a Notice of Right to Sue to Plaintiff.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

8.   That Plaintiff was hired by Defendant in 1989.

9.   That Ernest Bourscheid became Plaintiff's supervisor in 1998.

10.  That on October 17, 2002, Plaintiff informed her supervisor that she was pregnant, after which her time away from her desk was scrutinized in a manner that was not done to other (male, female/nonpregnant) employees.

11.  That Plaintiff asked that her seating location be changed due to the fact that the smells emanating from the kitchen near her desk were causing her to become nauseated, which would result in Plaintiff spending time in the restroom.

12.  Plaintiff's supervisor told her that she should put a clothespin on her nose if smells bothered her, and that if she was ill, she should "go to Medical." When Plaintiff responded that she felt ill all day, he told her to "stay in Medical all day."

Paul V. Bennett
Attorney-At-Law
3 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

13. That on October 31, 2002, Plaintiff again approached her supervisor to request a change in seating, since one had not been made. Plaintiff was told by her supervisor that she could speak to Ms. Jewell (a secretary who was responsible for seating on Plaintiff's floor) about changing her seat.

14. That on November 1, 2002, the Plaintiff felt ill and went to the ladies' room. On her way back to her desk, Plaintiff spoke to Ms. Jewell, who proceeded to show Plaintiff several available cubicles.

15. That on November 1, 2002 when Plaintiff returned to her desk with Ms. Jewell, Plaintiff found her chair had been thrown to the side of her desk, and a note on her computer monitor from her supervisor that read, "Please see me."

16. That when Plaintiff then spoke to her supervisor, he became very angry and yelled at the Plaintiff that "the phone has been ringing off the hook." Plaintiff contends that this assertion was untrue because the phone logs indicate that there were no incoming calls at all during the time that Plaintiff was away from her desk.

17. That Plaintiff's supervisor immediately called Labor Relations and demanded that Plaintiff be disciplined. Plaintiff was summoned to Labor Relations by Mr. Duarte, and was issued a written reprimand for "spending too much time away from her desk."

18. That a mediation was set up on November 13, 2002. Plaintiff's husband asked to be allowed to attend because he was concerned about the effect that the stressful situation might have on his wife and her pregnancy, but he was refused.

19. That at the mediation, Plaintiff's supervisor admitted to the mediator (Angela Bell) that he had made the comment about the clothespin to the Plaintiff. The mediation did not result in resolution of several issues, but Plaintiff was reassured that her seat would

Paul V. Bennett
Attorney-At-Law
3 Defense Highway
Suite 209
napolis, MD 21401
410 974-6000

be changed.  This was never done.

20.    That in early December 2002, Plaintiff suffered a miscarriage and had to take several days off.

21.    That in January 2003, Plaintiff's supervisor requested a meeting with Plaintiff and representatives from Human Resources.  At that meeting, Plaintiff was informed that her lunch hour was changed, that she was to inform her supervisor in advance if she would be away from her desk for more than 15 minutes, and that she was to schedule all vacation in advance.

22.    That Plaintiff filed a discrimination charge with DCOHR and EEOC in March 2003.

23.    That in July/August 2003, Plaintiff's supervisor failed to inform her of a job vacancy, contrary to the normal custom and practice of the company, and which Plaintiff contends was done in order to ensure that another employee would be given the position.

24.    That in September/October 2003, Plaintiff applied for a job change with the Defendant and was denied the position even though she met or exceeded all qualifications.  Defendant contends that Plaintiff failed a typing test, but refused to provide documentation of this fact to the Plaintiff when she asked for it.

25.    That in January 2004, clerical employees in the Shareholder Services Department were transferred to other positions within Defendant company.  Plaintiff was assigned duties of the former employees, but was never given compensation for the extra work she was required to perform.

26.    That Plaintiff did not receive an annual performance evaluation for the 2002/2003 time period.  Plaintiff's most recent evaluation dated April 30, 2004 was unsatisfactory,

Paul V. Bennett
Attorney-At-Law
Defense Highway
Suite 209
apolis, MD 21401
410-974-6000

which she contends was done in order to facilitate a decision to terminate her.

27.    That Plaintiff was terminated from her job on March 4, 2005.

## COUNT I
## SEX DISCRIMINATION (PREGNANCY)
### Title VII of the Civil Rights Act of 1964

28.    Plaintiff hereby realleges paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.    That Plaintiff suffered a disparate treatment employment action by being disciplined for actions that were tolerated from other (male, female/non-pregnant) employees.

30.    That the aforementioned acts constitute unlawful employment action pursuant to Title VII of the Civil Rights Act of 1964.

31.    That the effect of the practices complained of above was to tarnish Plaintiff's employment record and otherwise adversely affect her employment status because of her condition (pregnancy).

32.    That the unlawful employment practices complained of above were intentional.

33.    That the discriminatory actions of Defendant Pepco Holdings, Inc., as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

34.    That the intentional discriminatory actions of Defendant Pepco Holdings, Inc. against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

35.    That Defendant is vicariously liable for the conduct of Defendant's managers and supervisors carried out in the course and scope of their employment.

Paul V. Bennett
Attorney-At-Law
3 Defense Highway
Suite 209
napolis, MD 21401
41° °74-6000

## COUNT II
## RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 USC §704(a)

36.    Plaintiff hereby realleges paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.    That Plaintiff filed sex discrimination charges against the Defendant in March 2003 with the EEOC and DCOHR.

38.    That Plaintiff was not informed of a vacancy within the company in July/August 2003.

39.    That Plaintiff was denied a position in September/October 2003 even though she was qualified to perform the duties of the position.

40.    That in January 2004, Plaintiff was given added responsibilities without being compensated for them.

41.    That Plaintiff did not receive an annual performance evaluation for the 2002/2003 time period.

42.    That Plaintiff was fired on March 4, 2005.

43.    That Plaintiff contends that the aforementioned actions were taken against Plaintiff in retaliation for her participation in the protected activity of filing discrimination charges in March 2003.

44.    That the unlawful employment practices described above were intentional.

45.    That the intentional discriminatory actions of Defendant Pepco Holdings, Inc., against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

Paul V. Bennett
Attorney-At-Law
Defense Highway
Suite 209
apolis, MD 21401
410-074-6000

46.     That Defendant is vicariously liable for the conduct of Defendant's managers and supervisors carried out in the course and scope of their employment.

WHEREFORE, Plaintiff Margaret Holmes demands judgment against Pepco Holdings, Inc. in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, as well as for prejudgment interest at the legal rate, reasonable attorney's fees, costs of this action and such other legal or equitable relief that this Court may deem just and proper.

Paul V. Bennett
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, MD  21401
(410) 974-6000

*Attorney for Plaintiff*

Paul V. Bennett
Attorney-At-Law
Defense Highway
Suite 209
apolis, MD 21401
410-974-6000

MARGARET HOLMES,       *    IN THE

      Plaintiff         *    SUPERIOR COURT

      v.             *    FOR

PEPCO HOLDINGS, INC.    *    THE DISTRICT OF COLUMBIA

      Defendant      *    Case No. _____

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JURY DEMAND

Plaintiff demands a trial by jury on all issues stated herein.

Respectfully submitted

Paul V. Bennett
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
(410) 974 - 6000

*Attorney for Plaintiff*

ul V. Bennett
omey-At-Law
efense Highway
uite 209
olis, MD 21401
)-974-6000

# DISMISSAL AND NOTICE OF RIGHTS

To: Margaret Holmes
3809 Aynor Drive
Mitchellville, MD 20721

From: Washington Field Office
1801 L Street, N.W.
Suite 100
Washington, DC 20507

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2003-00075 | David Gonzalez, State & Local Coordinator | (202) 419-0714 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed __WITHIN 90 DAYS__ of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred __more than 2 years (3 years)__ before you file suit may not be collectible.

On behalf of the Commission

_Dana R. Hutter_

**MAY 5 2005**

Enclosure(s)

Dana Hutter,
Acting Director

(Date Mailed)

cc: Jill Flack
PEPCO
1900 Pennsylvania Avenue, N W
Washington, DC 20068

LAW OFFICE OF
Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401

RETURN RECEIPT
REQUESTED

CERTIFIED MAIL™

7004 2510 0006 1821 3930

Jill Flack, Esq
Legal Department
Pepco Holdings, Inc.
701 9th Street, NW
Washington, DC 20068





U.S. POSTAGE
PAID
ANNAPOLIS, MD
21401
AUG 19, '05
AMOUNT

$4.88
00028918-13

0000

20068

**<u>EXHIBIT No. 2</u>**

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MARGARET HOLMES                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        Civil Action No. 05-006214
                                   )        Judge Melvin R. Wright
PEPCO HOLDINGS, INC.               )
                                   )        Next Event:
            Defendant.             )
_____)        Initial Conference on Nov. 4, 2005

## DECLARATION OF JILL D. FLACK

I, Jill D. Flack, do hereby declare and affirm under the penalties of perjury the following:

1.      I am over the age of eighteen and otherwise competent to testify as to all matters contained herein.

2.      At all relevant times I have been an Associate General Counsel for Pepco Holdings, Inc. ("PHI").

3.      On or about August 22, 2005, I received via certified mail delivery the summons and complaint in this case, a true and correct copy of which is attached to PHI's Memorandum of Points and Authorities in support of its Motion to Dismiss at Exhibit 1.

4.      At no time have I ever been an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process on behalf

of Pepco.  I do not have authority to accept service of process on behalf of PHI.

I declare and affirm that the foregoing is true and correct.

_____
Date

_____
Jill D. Flack

Bus # 442683

20-1418-740

676

**MARK S. GUBERMAN**
10007 FERNWOOD ROAD
BETHESDA, MD 20817

9/12 20 05

PAY TO THE
ORDER OF D. C. Superior Court | $ 20.00

Twenty and _____ DOLLARS

**FIRST INTERNET BANK
OF INDIANA**

FOR Case # 05-006214

⑈074014187⑈ 1136759201⑈ 00676