## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| MARGARET HOLMES | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 05-006214 |
| v. | ) | Judge Melvin R. Wright |
| | ) | |
| PEPCO HOLDINGS, INC. | ) | Next Event: |
| | ) | |
|     Defendant. | ) | Initial Conference on Nov. 4, 2005 |
| | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Margaret Holmes, by and through her attorney, Paul V. Bennett, Esq., hereby submits her Opposition to Defendant's Motion to Dismiss And Requests a Delay on Ruling on Defendant's Motion to Dismiss pending Plaintiff's Perfection of Service of Process. In further support of her motion, Plaintiff incorporates by reference the attached Memorandum of Points and Authorities.

Pursuant to Rule 12-I(a), Plaintiff attempted to gain Defendant's consent to this motion but parties are unable to reach an agreement.

Respectfully Submitted,

Paul V. Bennett, Esq.
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
(410) 974-6000
(410) 224-4590 (facsimile)
DC Bar # 427358
*Attorney for Plaintiff*

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

**Certificate of Service**

I HEREBY CERTIFY that on this __20__ day of September 2005, Plaintiff's

Opposition to Defendant's Motion to Dismiss And Motion for a Delay on Ruling on

Defendant's Motion to Dismiss Pending Perfection of Service of Process, Proposed Order

along with Plaintiff's Memorandum in support thereof were served on the following:

Natalie O. Ludaway , Esq.
Mark S. Guberman, Esq.
1400 K. Street, NW
Suite 1000
Washington, D.C. 20005

*Counsel for Defendant*

Jill Flack, Esq.
Pepco Holdings, Inc.
701 9th Street, N.W.
Washington, DC 20068

Paul V. Bennett

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

MARGARET HOLMES )
)
     Plaintiff, )
)      Civil Action No. 05-006214
v. )      Judge Melvin R. Wright
)
PEPCO HOLDINGS, INC. )      Next Event:
)
     Defendant. )      Initial Conference on Nov. 4, 2005
_____ )

### ORDER

Upon consideration of the Defendant's Motion to Dismiss  and Plaintiff's Opposition

thereto, and good cause appearing, it is hereby,

     ORDERED that the Defendant's Motion to Dismiss be and is hereby DENIED.


_____
Judge Melvin R. Wright
Superior Court for the District of Columbia

Copies to:

Natalie O. Ludaway, Esq.
Mark S. Guberman, Esq.
1400 K. Street, NW
Suite 1000
Washington, DC 20005

Jill Flack, Esq.
Pepco Holdings, Inc.
701 9th Street, N.W.
Washington, DC 20068

Paul V. Bennett, Esq.
133 Defense Highway, Suite 209
Annapolis, Maryland 21401

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MARGARET HOLMES )
)
    Plaintiff, )
)
v. )    Civil Action No. 05-006214
)    Judge Melvin R. Wright
PEPCO HOLDINGS, INC. )
)    Next Event:
    Defendant. )
)    Initial Conference on Nov. 4, 2005

---

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Margaret Holmes, by and through her attorney, Paul V. Bennett, Esq., hereby

submits her Memorandum of Points and Authorities in Support of her Opposition to

Defendant's Motion to Dismiss.

### Factual Background

1.    On May 5, 2005 Plaintiff was issued her Right to Sue letter from the U.S. Equal

Opportunity Commission for Margaret Holmes v. Pepco, Holdings Inc., EEOC Case No.

10CA300075 which requires that suit be filed within 90 days thereof.  Attached hereto as

Exhibit A is a copy of the Notice of Rights letter.

2.    The deadline for filing suit in this case was therefore August 5, 2005.

3.    On August 4, 2005 Plaintiff filed the above-captioned action against Defendant Pepco

Holdings, Inc for violations of Title VII of the Civil Rights Act of 1964.

4.    Plaintiff erroneously identified Jill Flack, Esq. as the resident agent for Pepco Holdings,

Inc. Plaintiff identified Ms. Flack as the resident agent because Ms. Flack had represented

Defendant throughout the administrative proceedings and is in-house Counsel for Defendant.

See Attached Affidavit of Paul V. Bennett attached hereto as Exhibit B.

5.    On August 19, 2005 this Court's Initial Order, Summons and Complaint were received

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

by Jill Flack Esq, Counsel for Defendant. See Affidavit of Jill Flack attached with Defendant's Motion to Dismiss.

6.      On or about September 14, 2005, Plaintiff received Defendant's Motion to Dismiss stating this matter should be dismissed for insufficiency of service of process.

7.      Pursuant to this Court's Initial Order, D.C. Code 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ"), 40-I, Plaintiff must perfect service of process no later than sixty days from the date of filing the complaint.  That deadline for filing proof of service is October 4, 2005.

8.      Upon receipt of Defendant's Motion, Plaintiff determined that John J. Sullivan, Esq. is the person authorized to accept service of process for Defendant. (Affidavit of Paul V. Bennett).

9.      On September 14, 2005, Plaintiff's counsel's office  confirmed with Jill Flack, Esq. that in fact Mr. Sullivan is Defendant's resident agent. (Affidavit of Paul V. Bennett).

10.     On September 14, 2005, Plaintiff initiated service of process through a private process server.  Service of Process on Mr. Sullivan is currently being attempted.  (Affidavit of Paul V. Bennett).

11.      Concurrently, with this Opposition, Plaintiff is filing a Motion for Leave to Amend the Complaint to substitute John J. Sullivan in place of Jill Flack, the Defendant's resident agent. (Affidavit of Paul V. Bennett).

Accordingly, as discussed below, there is still time pursuant to the DC Rules and this Court's Initial Order for service of process in this action to be perfected and a dismissal of this matter would be premature, based on a mere technicality and would be unduly prejudicial towards the Plaintiff.

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

2

## Argument

Since Service of Process must be completed by October 4, 2005, it is premature to dismiss this action pursuant to Defendant's Motion to Dismiss and this court, in its discretion , may allow the Plaintiff the sixty days to perfect service (or longer should the court elect to do so), pursuant to its initial order and D.C. Superior Court Rule 4(m) which allows 60 days for service of process and a provides a means for Plaintiff to request an extension in time for service after showing good cause.

In Rubin v. Lee, App. D.C. 577 A.2d 1158 (1990), the court held that the trial court abused its discretion in dismissing a complaint for insufficient process where there was no defect in the complaint, and where the effect of dismissal would have been to add needless delay and expense to the action. See also, Bulin v. Stein, App. D.C., 668 A.2d 810 (1995) for the proposition that the trial court should not dismiss plaintiff's personal injury action considering the severe prejudice to plaintiff resulting from a dismissal.

Defendant would have this case dismissed merely on a technicality. Plaintiff has made reasonable steps to perfect service in the correct manner and this Court should not exalt form over substance by dismissing on a technicality, which can be easily remedied. Keith v. Washington, App. D.C. 401 A2d 468 (1979); Epps v. Vogel App. D.C. 454 A.2d 320 (1982) (stating that the rules manifest a preference for resolution of disputes on the merits, not on technicalities of the pleadings). It is well accepted that litigation should be decided upon the merits rather than upon technical pleading rules. See also, International Tours & Travel, Inc. V. Khalil, App. D.C. 491 A.2d 1149 (1985).

Additionally, taking into account the fact that Plaintiff still has time to perfect service of process and has made appropriate efforts to serve the correct agent and to amend the Complaint, if this Court dismisses this action on the basis of a technicality, such a dismissal would be unfairly prejudicial against Plaintiff and would preclude her from filing suit insofar as

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

3

her deadline to file suit was August 5, 2005. Defendant cannot claim undue prejudice if Plaintiff is allowed to amend the complaint so as to perfect service. <u>Wise v. Department of Defense</u>, 196 F.R. D. 52, 57 (S.D. Ohio 1999) (justifying an extension of time, among other reasons, the extension "works no prejudice to the Defendants").

Accordingly, given that Plaintiff still has time to complete service of process and a dismissal of this matter would be overly prejudicial against the Plaintiff, Plaintiff respectfully requests that Defendant's Motion to Dismiss be Denied.

<u>Conclusion</u>

Based upon the foregoing, Plaintiff Margaret Holmes respectfully requests that this Court deny Defendant Pepco Holdings, Inc.'s Motion to Dismiss.

Respectfully Submitted,

Paul V. Bennett, Esq.
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
(410) 974-6000
(410) 224-4590 (facsimile)
DC Bar # 427358

*Attorney for Plaintiff*

Paul V. Bennett
Attorney-At-Law
133 Defense Highway
Suite 209
Annapolis, MD 21401
410-974-6000

4