

**Leftwich&Ludaway** LLC

*Willie L. Leftwich Retired*

October 31, 2005

***Via Facsimile and Mail Delivery***

Paul V. Bennett, Esq.
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, MD 21401

      Re:   **Holmes v. PHI Service Co.**
                **Case No. 05-2023**

Dear Paul:

    I write in connection with Ms. Holmes' filing of a motion to remand in the above-referenced action. Unfortunately, the motion did not advise the Court of the 1999 U.S. Supreme Court case directly on point, <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), which I attach hereto for your reference. In <u>Michetti</u>, the Supreme Court held that the thirty-day removal window under 28 U.S.C. § 1446 does not begin to run until service of the summons and complaint is effectuated on a defendant. The cases to the contrary cited in Ms. Holmes' motion were decided prior to this decision and, thus, are no longer good law.

    Upon reviewing the attached precedent, we trust you will agree that Ms. Holmes' motion for remand lacks any basis in law and that you will withdraw the motion. As PHI Service Co.'s ("PHI") opposition is due on or before November 11, 2005, please withdraw the motion by Friday, November 4, 2005 so that PHI need not incur the costs of preparing an opposition which it will seek to recover if forced to do so.

                                        Sincerely,

                                        Mark S. Guberman

cc:    Jill D. Flack, Esq.
        Natalie O. Ludaway, Esq.

Westlaw.

119 S.Ct. 1322                                                                    Page 1
526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily
Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
(Cite as: 526 U.S. 344, 119 S.Ct. 1322)

▷

**Briefs and Other Related Documents**

Supreme Court of the United States
MURPHY BROTHERS, INC., Petitioner,
v.
MICHETTI PIPE STRINGING, INC.
No. 97-1909.

Argued March 1, 1999.
Decided April 5, 1999.

In state court breach of contract and fraud action, defendant filed notice of removal, and plaintiff filed motion to remand. The United States District Court for the Northern District of Alabama, J. Foy Guin, Jr., J., denied motion, but certified order for interlocutory appeal. The United States Court of Appeals for the Eleventh Circuit reversed and remanded, 125 F.3d 1396. Certiorari was granted. The Supreme Court, Justice Ginsburg, abrogating *Reece,* 98 F.3d 839, and *Roe,* 38 F.3d 298, held that 30-day removal period began to run not when defendant received faxed, file-stamped copy of complaint, but rather, when defendant was later formally served by certified mail.

Court of Appeals' judgment reversed and remanded.

Chief Justice Rehnquist issued dissenting opinion in which Justices Scalia and Thomas joined.

West Headnotes

**[1] Process** ☞48
313k48 Most Cited Cases
Service of process is fundamental to any procedural imposition on a named defendant.

**[2] Process** ☞48
313k48 Most Cited Cases
In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.

**[3] Federal Civil Procedure** ☞411
170Ak411 Most Cited Cases

One becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. Fed.Rules Civ.Proc.Rule 4(a), 28 U.S.C.A.

**[4] Federal Civil Procedure** ☞411
170Ak411 Most Cited Cases
Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights. Fed.Rules Civ.Proc.Rule 4(a), 28 U.S.C.A.

**[5] Removal of Cases** ☞79(2.1)
334k79(2.1) Most Cited Cases
Thirty-day **removal** period **began** to run not when defendant received faxed, file-stamped copy of complaint, but rather, when defendant was later formally served
by certified mail; abrogating *Reece v. Wal-Mart Stores, Inc.,* 98 F.3d 839, and *Roe v. O'Donohue,* 38 F.3d 298. 28 U.S.C.A. § 1446(b).

**[6] Removal of Cases** ☞79(2.1)
334k79(2.1) Most Cited Cases
If the summons and complaint are served together, the 30-day period for **removal** runs at once. 28 U.S.C.A. § 1446(b).

**[7] Removal of Cases** ☞79(2.1)
334k79(2.1) Most Cited Cases
If the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the 30-day period for **removal** runs from the defendant's receipt of the complaint. 28 U.S.C.A. § 1446(b).

**[8] Removal of Cases** ☞79(2.1)
334k79(2.1) Most Cited Cases
If the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the 30- day period for removal runs from the date the complaint is made available through filing. 28 U.S.C.A. § 1446(b).

**[9] Removal of Cases** ☞79(2.1)

119 S.Ct. 1322
526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily
Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
**(Cite as: 526 U.S. 344, 119 S.Ct. 1322)**

334k79(2.1) Most Cited Cases
If the complaint is filed in court prior to any service,
the 30-day period for removal runs from the service
of the summons. 28 U.S.C.A. § 1446(b).

**\*\*1323 Syllabus [FN\*]**

FN\* The syllabus constitutes no part of the
opinion of the Court but has been prepared
by the Reporter of Decisions for the
convenience of the reader. See _United
States v. Detroit Timber & Lumber Co._, 200
U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

On January 26, 1996, respondent Michetti Pipe
Stringing, Inc. (Michetti), filed a complaint in
Alabama state court seeking damages for an alleged
breach of contract and fraud by petitioner Murphy
Bros., Inc. (Murphy). Michetti did not serve Murphy
then, but three days later it faxed a "courtesy copy" of
the file-stamped complaint to a Murphy vice
president. Michetti officially served Murphy under
local law by certified mail on February 12, 1996. On
March 13, 1996 (30 days after service but 44 days
after receiving the faxed copy of the complaint),
Murphy removed the case under 28 U.S.C. § 1441 to
the Federal District Court. Michetti moved to
remand the case to the state court on the ground that
Murphy filed the removal notice 14 days too late
under § 1446(b), which specifies, in relevant part,
that the notice "shall be filed within thirty days after
the receipt by the defendant, _through service or
otherwise,_ of a copy of the [complaint]." (Emphasis
added.) Because the notice had not been filed within
30 days of the date on which Murphy's vice president
received the facsimile transmission, Michetti
asserted, the removal was untimely. The District
Court denied the remand motion on the ground that
the 30-day removal period \*\*1324 did not commence
until Murphy was officially served with a summons.
On interlocutory appeal, the Eleventh Circuit
reversed and remanded, instructing the District Court
to remand the action to state court. Emphasizing the
statutory words "receipt ... or otherwise," the
Eleventh Circuit held that the defendant's receipt of a
faxed copy of the filed initial pleading sufficed to
commence the 30-day removal period.

_Held:_ A named defendant's time to remove is
triggered by simultaneous service of the summons
and complaint, or receipt of the complaint, "through
service or otherwise," after and apart from service of
the summons, but not by mere receipt of the
complaint unattended by any formal service. Pp.
1326-1330.

(a) Service of process, under longstanding tradition
in our system of justice, is fundamental to any
procedural imposition on a named defendant. In the
absence of such service (or waiver of service by the
defendant), a court ordinarily may not exercise power
over a party the \*345 complaint names as defendant.
See _Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co._,
484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415.
Accordingly, one becomes a party officially, and is
required to take action in that capacity, only upon
service of a summons or other authority-asserting
measure stating the time within which the party
served must appear and defend. See Fed. Rules Civ.
Proc. 4(a) and 12(a)(1)(A). Unless a named
defendant agrees to waive service, the summons
continues to function as the _sine qua non_ directing an
individual or entity to participate in a civil action or
forgo procedural or substantive rights. Pp. 1326-
1327.

(b) In enacting § 1446(b), Congress did not
endeavor to break away from the traditional
understanding. Prior to 1948, a defendant could
remove a case any time before the expiration of the
time to respond to the complaint under state law.
Because that time limit varied from State to State,
however, the removal period correspondingly varied.
To reduce the disparity, Congress in 1948 enacted the
original version of § 1446(b), which required that the
removal petition in a civil action be filed within 20
days after commencement of the action or service of
process, whichever was later. However, as first
framed, § 1446(b) did not give adequate time or
operate uniformly in States such as New York, where
service of the summons commenced the action and
could precede the filing of the complaint, so that the
removal period could have expired _before_ the
defendant obtained access to the complaint. To
ensure such access before commencement of the
removal period, Congress in 1949 enacted the current
version of § 1446(b). Nothing in the 1949
amendment's legislative history so much as hints that
Congress, in making changes to accommodate
atypical state commencement and complaint filing
procedures, intended to dispense with the historic
function of service of process as the official trigger
for responsive action by a named defendant. Pp.
1327-1328.

(c) Relying on the "plain meaning" of § 1446(b) that
the panel perceived, the Eleventh Circuit was of the
view that "[receipt] through service or otherwise"
opens a universe of means besides service for putting
the defendant in possession of the complaint.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

119 S.Ct. 1322

Page 3

526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily
Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
**(Cite as: 526 U.S. 344, 119 S.Ct. 1322)**

However, the Eleventh Circuit did not delineate the dimensions of that universe. Nor can one tenably maintain that the words "or otherwise" provide a clue. Cf., *e.g., Potter v. McCauley,* 186 F.Supp. 146, 149. The interpretation of § 1446(b) adopted here adheres to tradition, makes sense of the phrase "or otherwise," and assures defendants adequate time to decide whether to remove an action to federal court. The various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. See *ibid.* In each of those categories, the defendant's removal period will be no less than 30 days *346 from service, and in some of the categories, it will be more than 30 days from service, depending on when the complaint is received. First, if the summons and complaint are served together, the 30-day removal period runs at once. Second, if the defendant is served with the summons but is furnished with the complaint sometime after, the removal period runs from the receipt of the complaint. Third, if the defendant is served with the summons and the complaint **1325 is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons. See *ibid.* Notably, Rule 81(c), amended in 1949, uses the identical "receipt through service or otherwise" language in specifying the 20-day period in which the defendant must answer the complaint once the case has been removed. Rule 81(c) has been interpreted to afford the defendant at least 20 days after service of process to respond. See *Silva v. Madison,* 69 F.3d 1368, 1376-1377. In *Silva,* the Seventh Circuit distinguished its earlier decision in *Roe v. O'Donohue,* 38 F.3d 298 (defendant need not receive service before **time** for **removal** under § 1446(b) **begins** to run), but did not adequately explain why one who has not yet lawfully been made a party to an action should be required to decide in which court system the case should be heard. If, as the *Silva* court rightly determined, the "service or otherwise" language was not intended to abrogate the service requirement for purposes of Rule 81(c), that same language also was not intended to bypass service as a starter for § 1446(b)'s clock. The fact that the Seventh Circuit could read the phrase "or otherwise" differently in *Silva* and *Roe,* moreover, undercuts the Eleventh Circuit's position that the phrase has an inevitably "plain meaning." Furthermore, the so-called "receipt rule"--starting the time to remove on receipt of a copy of the complaint,

however informally, despite the absence of any formal service-- could operate with notable unfairness to defendants in foreign nations. Because facsimile machines transmit instantaneously, but formal service abroad may take much longer than 30 days, plaintiffs would be able to dodge international treaty requirements and trap foreign opponents into keeping their suits in state courts. Pp. 1328-1329.

(d) In sum, it would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change--to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.,* before one is subject to any court's authority. Pp. 1329-1330.

125 F.3d 1396, reversed and remanded.

*347 GINSBURG, J., delivered the opinion of the Court, in which STEVENS, O'CONNOR, KENNEDY, SOUTER, and BREYER, JJ., joined. REHNQUIST, C.J., filed a dissenting opinion, in which SCALIA and THOMAS, JJ., joined, *post,* p. 1330.

Deborah A. Smith for petitioner.

J. David Pugh for respondent.

Justice GINSBURG delivered the opinion of the Court.

This case concerns the time within which a defendant named in a state-court action may remove the action to a federal court. The governing provision is 28 U.S.C. § 1446(b), which specifies, in relevant part, that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." The question presented is whether the named defendant must be officially summoned to appear in the action before the **time to remove begins** to run. Or, may the 30-day period start earlier, on the named defendant's receipt, before service of official process, of a "courtesy copy" of the filed complaint faxed by counsel for the plaintiff?

We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

119 S.Ct. 1322

Page 4

526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
(Cite as: 526 U.S. 344, 119 S.Ct. 1322)

we hold that a named defendant's time to *348 remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

I

On January 26, 1996, respondent Michetti Pipe Stringing, Inc. (Michetti), filed a complaint in Alabama state court seeking damages for an alleged breach of contract and fraud by petitioner Murphy Bros., Inc. (Murphy). **1326 Michetti did not serve Murphy at that time, but three days later it faxed a "courtesy copy" of the file-stamped complaint to one of Murphy's vice presidents. The parties then engaged in settlement discussions until February 12, 1996, when Michetti officially served Murphy under local law by certified mail.

On March 13, 1996 (30 days after service but 44 days after receiving the faxed copy of the complaint), Murphy removed the case under 28 U.S.C. § 1441 to the United States District Court for the Northern District of Alabama. [FN1] Michetti moved to remand the case to the state court on the ground that Murphy filed the removal notice 14 days too late. The notice of removal had not been filed within 30 days of the date on which Murphy's vice president received the facsimile transmission. Consequently, Michetti asserted, the removal was untimely under 28 U.S.C. § 1446(b), which provides:

> FN1. Murphy invoked the jurisdiction of the Federal District Court under 28 U.S.C. § 1332 based on diversity of citizenship. Michetti is a Canadian company with its principal place of business in Alberta, Canada; Murphy is an Illinois corporation with its principal place of business in that State.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant *349 if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (Emphasis added.)
The District Court denied the remand motion on the ground that the 30-day removal period did not

commence until Murphy was officially served with a summons. The court observed that the phrase "or otherwise" was added to § 1446(b) in 1949 to govern removal in States where an action is commenced merely by the service of a summons, without any requirement that the complaint be served or even filed contemporaneously. See App. A-24. Accordingly, the District Court said, the phrase had "no field of operation" in States such as Alabama, where the complaint must be served along with the summons. See *ibid.*

On interlocutory appeal permitted pursuant to 28 U.S.C. § 1292(b), the Court of Appeals for the Eleventh Circuit reversed and remanded, instructing the District Court to remand the action to state court. 125 F.3d 1396, 1399 (1997). The Eleventh Circuit held that "the clock starts to tick upon the defendant's receipt of a copy of the filed initial pleading." *Id.,* at 1397. "By and large," the appellate court wrote, "our analysis begins and ends with" the words "receipt ... or otherwise." *Id.,* at 1397-1398 (emphasis deleted). Because lower courts have divided on the question whether service of process is a prerequisite for the running of the 30-day removal period under § 1446(b), [FN2] we granted certiorari. 525 U.S. 960, 119 S.Ct. 401, 142 L.Ed.2d 326 (1998).

> FN2. Compare *Reece v. Wal-Mart Stores, Inc.,* 98 F.3d 839, 841 (C.A.5 1996) (removal period begins with receipt of a copy of the initial pleading through any means, not just service of process); *Roe v. O'Donohue,* 38 F.3d 298, 303 (C.A.7 1994) ("Once the defendant possesses a copy of the complaint, it must decide promptly in which court it wants to proceed."), with *Bowman v. Weeks Marine, Inc.,* 936 F.Supp. 329, 333 (D.S.C.1996) (removal period begins only upon proper service of process); *Baratt v. Phoenix Mut. Life Ins. Co.,* 787 F.Supp. 333, 336 (W.D.N.Y.1992) (proper service is a prerequisite to commencement of removal period).

*350 II

[1] Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. At common law, the writ of *capias ad respondendum* directed the sheriff to secure the defendant's appearance by taking him into custody. See 1 J. Moore, Moore's Federal Practice ¶ 0.6[2.-2], p. 212 (2d ed. 1996) ("[T]he three royal courts, Exchequer,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
**(Cite as: 526 U.S. 344, 119 S.Ct. 1322)**

Common Pleas, and King's Bench ... obtained an *in personam* jurisdiction over the defendant in the same manner through the writ of *capias ad respondendum*."). The requirement that a defendant be brought into litigation by official **\*1327** service is the contemporary counterpart to that writ. See *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ("[T]he *capias ad respondendum* has given way to personal service of summons or other form of notice.").

[2][3][4] In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. See *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-445, 66 S.Ct. 242, 90 L.Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served."). Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. See Fed. Rule Civ. Proc. 4(a) ("[The summons] shall ... state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant."); Rule 12(a)(1)(A) (a defendant shall serve an answer within 20 days of being **\*351** served with the summons and complaint). Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.

### III

When Congress enacted § 1446(b), the legislators did not endeavor to break away from the traditional understanding. Prior to 1948, a defendant could remove a case any time before the expiration of her time to respond to the complaint under state law. See, *e.g.,* 28 U.S.C. § 72 (1940 ed.). Because the time limits for responding to the complaint varied from State to State, however, the period for removal correspondingly varied. To reduce the disparity, Congress in 1948 enacted the original version of § 1446(b), which provided that "[t]he petition for removal of a civil action or proceeding may be filed

within twenty days after commencement of the action or service of process, whichever is later." Act of June 25, 1948, 62 Stat. 939, as amended, 28 U.S.C. § 1446(b). According to the relevant House Report, this provision was intended to "give adequate time and operate uniformly throughout the Federal jurisdiction." H.R.Rep. No. 308, 80th Cong., 1st Sess., A135 (1947).

Congress soon recognized, however, that § 1446(b), as first framed, did not "give adequate time and operate uniformly" in all States. In States such as New York, most notably, service of the summons commenced the action, and such service could precede the filing of the complaint. Under § 1446(b) as originally enacted, the period for removal in such a State could have expired *before* the defendant obtained access to the complaint.

To ensure that the defendant would have access to the complaint before commencement of the removal period, Congress in 1949 enacted the current version of § 1446(b): "The petition for removal of a civil action or proceeding shall be **\*352** filed within twenty days [now thirty days] [FN3] after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Act of May 24, 1949, § 83(a), 63 Stat. 101. The accompanying Senate Report explained:

> FN3. Congress extended the period for removal from 20 days to 30 days in 1965. See Act of Sept. 29, 1965, 79 Stat. 887.

"In some States suits are begun by the service of a summons or other process without the necessity of filing any pleading until later. As the section now stands, this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is **\*\*1328** not required to file his petition for removal until 20 days after he has received (or it has been made available to him) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for. It is believed that this will meet the varying conditions of practice in all the States." S.Rep. No. 303, 81st Cong., 1st Sess., 6 (1949). See also H.R.Rep. No. 352, 81st Cong., 1st Sess., 14 (1949) ("The first paragraph of the amendment to subsection (b) corrects [the New York problem] by providing that the petition for removal need not be

119 S.Ct. 1322                                                                                                    Page 6
526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily
Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
**(Cite as: 526 U.S. 344, 119 S.Ct. 1322)**

filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading."). [FN4] Nothing in the legislative history of the 1949 *353 amendment so much as hints that Congress, in making changes to accommodate atypical state commencement and complaint filing procedures, intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant. [FN5]

> FN4. The second half of the revised § 1446(b), providing that the petition for removal shall be filed "within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter," § 83(b), 63 Stat. 101, was added to address the situation in States such as Kentucky, which required the complaint to be filed at the time the summons issued, but did not require service of the complaint along with the summons. See H.R.Rep. No. 352, 81st Cong., 1st Sess., 14 (1949) ("Th[e first clause of revised § 1446(b) ], however, without more, would create further difficulty in those States, such as Kentucky, where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of a summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly ... the amendment provides that in such cases the petition for removal shall be filed within 20 days after the service of the summons.").

> FN5. It is evident, too, that Congress could not have foreseen the situation posed by this case, for, as the District Court recognized, "[i]n 1949 Congress did not anticipate use of facsmile [sic] transmissions." App. A-23, n. 1. Indeed, even the photocopy machine was not yet on the scene at that time. See 9 New Encyclopedia Britannica 400 (15th ed.1985) (noting that photocopiers "did not become available for commercial use until 1950").

## IV

[5] The Eleventh Circuit relied on the "plain meaning" of § 1446(b) that the panel perceived. See 125 F.3d, at 1398. In the Eleventh Circuit's view,

because the term " '[r]eceipt' is the nominal form of 'receive,' which means broadly 'to come into possession of or to 'acquire,' " the phrase " '[receipt] through service or otherwise' opens a universe of means besides service for putting the defendant in possession of the complaint." *Ibid.* What are the dimensions of that "universe"? The Eleventh Circuit's opinion is uninformative. Nor can one tenably maintain that the words "or otherwise" provide a clue. Cf. *Potter v. McCauley,* 186 F.Supp. 146, 149 (D.Md.1960) ("It is not possible to state definitely in general terms the precise scope and effect of the word 'otherwise' in its context here because its proper application in particular situations will vary with state procedural requirements."); *354Apache Nitrogen Products, Inc. v. Harbor Ins. Co.,* 145 F.R.D. 674, 679 (D.Ariz.1993) ("[I]f in fact the words 'service or otherwise' had a plain meaning, the cases would not be so hopelessly split over their proper interpretation.").

The interpretation of § 1446(b) adopted here adheres to tradition, makes sense of the phrase "or otherwise," and assures defendants adequate time to decide whether to remove an action to federal court. As the court in *Potter* observed, the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. See 186 F.Supp., at 149. In each of the four categories, the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.

[6][7][8][9] As summarized in *Potter,* the possibilities are as follows. First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons **1329 but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons. See *ibid.*

Notably, Federal Rule of Civil Procedure 81(c), amended in 1949, uses the identical "receipt through service or otherwise" language in specifying the time

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

119 S.Ct. 1322                                                                                                            Page 7
526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily
Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
**(Cite as: 526 U.S. 344, 119 S.Ct. 1322)**

the defendant has to answer the complaint once the case has been removed:

"In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules *355 within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based."

Rule 81(c) sensibly has been interpreted to afford the defendant at least 20 days after service of process to respond. See *Silva v. Madison,* 69 F.3d 1368, 1376-1377 (C.A.7 1995). In *Silva,* the Seventh Circuit Court of Appeals observed that "nothing ... would justify our concluding that the drafters, in their quest for evenhandedness and promptness in the removal process, intended to abrogate the necessity for something as fundamental as service of process." *Id., at 1376.* In reaching this conclusion, the court distinguished an earlier decision, *Roe v. O'Donohue,* 38 F.3d 298 (C.A.7 1994), which held that a defendant need not receive service of process before his **time** for **removal** under § 1446(b) **begins** to run. See 69 F.3d, at 1376. But, as the United States maintains in its *amicus curiae* brief, the *Silva* court "did not adequately explain why one who has not yet lawfully been made a party to an action should be required to decide in which court system the case should be heard." Brief for United States as *Amicus Curiae* 13, n. 4. If, as the Seventh Circuit rightly determined, the "service or otherwise" language was not intended to abrogate the service requirement for purposes of Rule 81(c), that same language also was not intended to bypass service as a starter to § 1446(b)'s clock. The fact that the Seventh Circuit could read the phrase "or otherwise" differently in *Silva* and *Roe,* moreover, undercuts the Eleventh Circuit's position that the phrase has an inevitably "plain meaning." [FN6]

> FN6. Contrary to a suggestion made at oral argument, see Tr. of Oral Arg. 6-7, 28 U.S.C. § 1448 does not support the Eleventh Circuit's position. That section provides that "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal ... such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Nothing in § 1448 requires the defendant to

take any action. The statute simply allows the plaintiff to serve an unserved defendant or to perfect flawed service once the action has been removed. In fact, the second paragraph of § 1448, which provides that "[t]his section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case," explicitly reserves the unserved defendant's right to take action (move to remand) *after* service is perfected.

*356 Furthermore, the so-called "receipt rule"-- starting the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service--could, as the District Court recognized, operate with notable unfairness to individuals and entities in foreign nations. See App. A-24. Because facsimile machines transmit instantaneously, but formal service abroad may take much longer than 30 days, [FN7] plaintiffs "would be able to dodge the requirements of international treaties and trap foreign opponents into keeping their suits in state courts." *Ibid.*

> FN7. See, *e.g.,* Fed. Rule Civ. Proc. 4(f) (describing means of service upon individuals in a foreign country).

\* \* \*

In sum, it would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change--to set removal apart from all other responsive acts, to render removal the sole **1330 instance in which one's procedural rights slip away before service of a summons, *i.e.,* before one is subject to any court's authority. Accordingly, for the reasons stated in this opinion, the judgment of the United States Court of Appeals for the Eleventh Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

*357 Chief Justice REHNQUIST, with whom Justice SCALIA and Justice THOMAS join, dissenting.

Respondent faxed petitioner a copy of the file-stamped complaint in its commenced state-court action, and I believe that the receipt of this facsimile triggered the 30-day removal period under the plain language of 28 U.S.C. § 1446(b). The Court does

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily Journal D.A.R. 3237, 1999 CJ C.A.R. 1917
**(Cite as: 526 U.S. 344, 119 S.Ct. 1322)**

little to explain why the plain language of the statute should not control, opting instead to superimpose a judicially created service of process requirement onto § 1446(b). In so doing, it departs from this Court's practice of strictly construing removal and similar jurisdictional statutes. See *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Because I believe the Eleventh Circuit's analysis of the issue presented in this case was cogent and correct, see 125 F.3d 1396, 1397-1398 (1997), I would affirm the dismissal of petitioner's removal petition for the reasons stated by that court.

526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1, 99 Cal. Daily Op. Serv. 2474, 1999 Daily Journal D.A.R. 3237, 1999 CJ C.A.R. 1917

**Briefs and Other Related Documents (Back to top)**

• 1999 WL 130628, 67 USLW 3583 (Oral Argument) Oral Argument (Mar. 01, 1999)

• 1999 WL 86496, 67 USLW 4238 (Appellate Brief) REPLY BRIEF OF PETITIONER (Feb. 19, 1999)

• 1999 WL 759596 (Appellate Brief) BRIEF OF RESPONDENT (Jan. 27, 1999)

• 1998 WL 889847 (Appellate Brief) BRIEF OF THE PRODUCT LIABILITY ADVISORY COUNCIL, INC. AS AMICUS CURIAE IN SUPPORT OF PETITIONER (Dec. 22, 1998)

• 1998 WL 890115 (Appellate Brief) BRIEF OF PETITIONER (Dec. 22, 1998)

• 1998 WL 898907 (Appellate Brief) BRIEF OF THE AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS AS AMICUS CURIAE IN SUPPORT OF PETITIONER (Dec. 22, 1998)

• 1998 WL 898908 (Appellate Brief) BRIEF OF THE DEFENSE RESEARCH INSTITUTE AS AMICUS CURIAE IN SUPPORT OF PETITIONER (Dec. 22, 1998)

• 1998 WL 880833 (Appellate Brief) BRIEF FOR THE UNITED STATES AS AMICUS CURIAE SUPPORTING PETITIONER (Dec. 17, 1998)

• 1998 WL 34081111 (Appellate Petition, Motion and Filing) Respondent's Brief in Opposition (Sep. 21, 1998)Original Image of this Document (PDF)

• 1998 WL 34081036 (Appellate Petition, Motion and Filing) Petition for Writ of Certiorari (May. 26, 1998)Original Image of this Document with Appendix (PDF)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.