IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET HOLMES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHI SERVICE CO. )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-2023 (RBW) |

**DEFENDANT'S REPLY IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Margaret Holmes essentially concedes the soundness of Defendant PHI Service Co.'s ("PHI") motion to dismiss given that she has filed a new administrative charge with the U.S. Equal Employment Opportunity Commission alleging retaliatory discharge. She has filed this administrative charge in an attempt to cure the fatal deficiency in her complaint – that her allegation of retaliatory discharge is outside the scope of her previously-filed EEOC charge, as amended. Accordingly, PHI respectfully requests that this Court dismiss Holmes claim for retaliatory discharge.

**Argument**

Dispositive, and not addressed by Holmes in her opposition, is the D.C. Circuit Court's holding in Marshall v. Federal Express Corp., 130 F.3d 1095 (D.C. Cir. 1997). In Marshall, the plaintiff filed an EEOC charge alleging that she had been precluded from applying for a job vacancy on the basis of her disability under the Americans with Disabilities Act ("ADA").[1] Approximately two months after filing her EEOC charge, the

---

[1]   An ADA claimant, like a Title VII plaintiff, must exhaust administrative remedies before filing a lawsuit. 130 F.3d at 1098.

plaintiff was discharged but, like Holmes in the case at bar, she did not amend her charge or file a second charge asserting the allegedly unlawful termination. 130 F.3d at 1098. Nonetheless, the plaintiff filed an action against her former employer alleging disability discrimination not only for the job denial but also for her discharge.

Addressing defendant's argument that the plaintiff failed to exhaust her administrative remedies, the Court of Appeals found that the plaintiff's EEOC charge did not allege termination and an investigation of her EEOC charge could not "reasonably be expected" to encompass her unalleged termination claim.[2] Id. Accordingly, the Appeals Court upheld this Court's dismissal of the retaliation claim. Id.

Here, Holmes' complaint alleges retaliatory discharge despite that neither her EEOC charge nor amendments thereto encompass such a claim. As in Marshall, therefore, Holmes' retaliatory discharge claim should be dismissed. See also Kidane v. Northwest Airlines, Inc., 41 F. Supp. 2d 12, 15 (D.D.C. 1999) (dismissing retaliation claim for failure to exhaust administrative remedies); Mianegaz v. Hyatt Corp., 319 F. Supp. 2d 13, 18 (D.D.C. 2004) (dismissing ADEA termination claim because EEOC charge did not raise claim for termination); Higbee v. Billington, 246 F. Supp. 2d 10, 16 (D.D.C. 2003) (same).

The Thorne v. Cazavous case cited in Holmes' opposition is inapposite. In Thorne, the plaintiff asserted age and disability claims against the defendant and a retaliation claim alleging that he twice was suspended from work in retaliation for his filing of administrative discrimination charges. The plaintiff's administrative charge referred to the first suspension but did not address the second suspension. Addressing the

---

[2] The Court reached this conclusion even though the plaintiff had submitted an affidavit to the EEOC which advised that she expected to be discharged shortly. Id.

defendant's motion to dismiss, given that both retaliation claims concerned suspensions from work, the Court held that the second, unalleged suspension was "like or reasonably related" to the first suspension and, thus, the plaintiff could proceed on his retaliation claims. 744 F. Supp. at 351. Here, in contrast, as in Marshall, Holmes' claim of retaliatory discharge is unlike any of the claims alleged in her EEOC charge and thus, as even Holmes concedes in her opposition, the discharge claim should be dismissed.

Alternatively, to promote judicial efficiency, preserve the parties' resources and allow time for the EEOC to fulfill its statutory duties, PHI submits that the Court may stay all proceedings during the EEOC administrative process. See Butler v. West, 164 F.3d 634, 643 (D.C. Cir. 1999) (acknowledging that stay of proceedings appropriate to allow for exhaustion of administrative remedies); Wade v. Bowen, 673 F. Supp. 3, 8 (D. Maine 1987) (same). A stay ensures that the parties need not divide their resources between this litigation and the EEOC administrative process and that this litigation not unnecessarily proceed in piecemeal fashion.

### Conclusion

Based on the foregoing and its Motion to Dismiss, PHI Service Co. respectfully requests that this Court dismiss Plaintiff's retaliatory discharge claim from Count II of the Complaint or, alternatively, stay all proceedings during the pendancy of the EEOC investigation of Holmes' recently-filed administrative charge.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


_____/s/_____
Natalie O. Ludaway (# 405149)
Mark S. Guberman (# 442683)
1400 K Street, NW
Suite 1000
Washington, DC  20005
(202) 434-9100
(202) 783-3420 (facsimile)


Of Counsel
Jill D. Flack
Associate General Counsel
701 9th Street, NW
Washington, DC 20068
(202)872-2756

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET HOLMES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHI SERVICES CO. )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-2023 (RBW) |

## ORDER

This matter comes before the Court on Defendant's motion to dismiss the claim for retaliatory discharge from Count II of the complaint. Upon consideration of Defendant's motion, any opposition thereto, the record herein and for good cause shown it is hereby this _____ day of _____, 2005

**ORDERED** that Defendant's motion to dismiss is **GRANTED**. The claim for retaliatory discharge contained in Count II of the complaint is hereby dismissed.

REGGIE B. WALTON
JUDGE, UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

5

Copies to:

Natalie O. Ludaway, Esq.
Mark S. Guberman, Esq.
1400 K Street, NW
Suite 1000
Washington, DC  20005

Jill D. Flack, Esq.
701 9th Street, N.W.
Washington, DC 20068

Paul V. Bennett, Esq.
133 Defense Highway
Suite 209
Annapolis, MD 21401