IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET HOLMES )  )   Plaintiff, )  ) )    Civil Action No. 05-2023 (RBW)   v. )  )  ) PEPCO HOLDINGS, INC. )  )    Defendant ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO REMAND**

Plaintiff, Margaret Holmes, by and through her attorney, Paul V. Bennett, hereby replies to Defendant's Opposition to Motion to Remand.

**1.  Defendant Was Served a Summons *and* Complaint More Than 30 Days Before Seeking to Remove this Case to the Federal Courts**.

The procedural history of this case is undisputed.  Plaintiff served a copy of the summons and the complaint upon the defendant by certified mail on August 22, 2005.  The summons and complaint were delivered in this manner to defendant's in house attorney, the very same in house attorney who had represented the defendant throughout the administrative process of this case.

The in house counsel immediately forwarded the summons and complaint to the attorneys retained by defendant to represent defendant in this case.  Rather than seeking to remove the case to federal court at that time, defendant's counsel instead filed a motion to dismiss on September 12, 2005 in the D.C. Superior Court.  The D.C. Superior Court denied

1

the Motion to Dismiss on October 11, 2005. Defendant's counsel only then, on October 13, 2005, sought to remove this case to the federal court. Because defendant's counsel waited more than 30 days from receipt of the summons and complaint to seek to remove this matter, plaintiff maintains that the removal was untimely.

**2.     The Supreme Court Case Cited by Defendant is not Dispositive Given the Facts of this Case.**

Defendant asserts that the removal was timely because of the holding in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999). However, that decision is not dispositive given the circumstances of this case. In *Murphy Bros., supra,* the U. S. Supreme Court found that service by facsimile transmission of a copy of the complaint alone was insufficient to start the 30 day clock for removal under 28 U.S.C.§1446(b). The Supreme Court held that the time to remove is triggered by simultaneous service of the summons and complaint, stating, "if the summons and complaint are served together, the 30-day period for removal runs at once." Id. at page 354. The Court noted that there were other ways to trigger the 30-day period, but not by mere receipt of the complaint unattended by any formal service. Id.

The Supreme Court's decision was based upon the failure in that case to deliver the summons along with the complaint, noting that "the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." Id. at page 351. However, in this case, because the in house counsel received simultaneously both a copy of the summons *and* complaint, because she received same by certified mail, and because she in turn passed a copy of the summons and

2

complaint to the counsel of record, the notice requirements of 28 U.S.C.§1446(b) as interpreted by the Murphy Bros. decision should be deemed to have been satisfied. The defense decision to hold off in filing a notice of removal for more than 30 days thereafter should be fatal to its effort to defeat remanding this case back to the D.C. Superior Court.

WHEREFORE, for the foregoing reasons and those set forth in plaintiff's Motion to Remand, which are incorporated herein by reference, plaintiff respectfully requests that her Motion to Remand be granted.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq.
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
(410) 974-6000
(410) 224-4590 facsimile

*Attorney for Plaintiff*
D.C. Bar No. 427358