LEXSEE

DENISE CHLOPEK and JARON CHLOPEK, Plaintiffs v. FEDERAL
INSURANCE COMPANY and BREG, INC., Defendants

05-C-545-S

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
WISCONSIN

*2005 U.S. Dist. LEXIS 28471*

November 17, 2005, Decided

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs filed a motion to remand their product liability action, asserting that the removal petition, filed by defendant insurance company was untimely under *28 U.S.C.S. § 1446* as it was filed more than 30 days after service had been effected on defendant corporation, the first-served defendant.

**OVERVIEW:** Defendants filed a joint notice of removal, 20 days after service of process was effected on the insurance company. The court acknowledged that the federal courts were split on the issue of timeliness under § 1446. Defendants removal petition was untimely if measured from the date of service on the corporation, but was timely if measured from the date of service on the insurance company. The court ruled that the removal was timely. The Seventh Circuit had implicitly approved a rule that a later-served defendant had 30 days to remove an action, regardless of whether the removal time had expired for an earlier served defendant. That rule had been specifically adopted in the Eighth Circuit, which had relied on U.S. Supreme Court precedent.

**OUTCOME:** The motion to remand was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Removal > Removal Proceedings*
[HN1] See *28 U.S.C.S. § 1446.*

*Civil Procedure > Removal > Removal Proceedings*
[HN2] Courts have split on the application of *28 U.S.C.S. § 1446* where two defendants are served at different times, some measuring the deadline for filing the notice of removal from service on the first-served defendant, others measuring it from service on the defendant filing the petition regardless of the presence of other earlier-served defendants. Relying on U.S. Supreme Court's decision in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., which emphasized the importance of formal service in triggering a defendants' removal rights, the United States Court of Appeals for the Eighth Circuit has held that a later-served defendant has the right to petition for removal even if the time to petition has expired for an earlier-served defendant.

**COUNSEL:** [*1] For CLOPEK, DENIS CLOPEK, JARON, Plaintiffs: J. DREW RYBERG

For FEDERAL INSURANCE COMPANY BREG, INC., Defendants: KIM M. SCHMID, BOWMAN AND BROOKE LLP, MINNEAPOLIS, MN; BREG, INC., FEDERAL INSURANCE COMPANY, MONICA A. KELLY, BOWMAN AND BROOKE, LLP, MINNEAPOLIS, MN

**JUDGES:** JOHN C. SHABAZ, District Judge

**OPINIONBY:** JOHN C. SHABAZ

**OPINION:**

MEMORANDUM AND ORDER

Plaintiffs Denise and Jaron Chlopek commenced this products liability action in the Circuit Court for Eau Claire County, Wisconsin. The matter was removed to this Court by defendant Federal on the basis of diversity of citizenship. Plaintiffs now move to remand contending that the removal petition was untimely. The scholarly and knowledgeable response of defendants in opposition to said motion has apparently persuaded plaintiffs (who have not thus far replied) as it has the Court, that the "first-served defendant" doctrine is no longer alive and well in the Seventh Circuit and that removal was proper.

FACTS

The following summary of the relevant procedural events is undisputed:

> July 15 Plaintiffs effect service of the original complaint on Chubb (no longer a party).
>
> July 22 Plaintiffs effect service of the original [*2] complaint on Breg.
>
> August 2 Plaintiffs' counsel acknowledges that he named and served the wrong insurance company and agrees to serve an amended complaint naming the correct insurance company and dismissing Chubb.
>
> August 14 The 30-day removal period following service on Chubb expires, though Federal Insurance has not yet been served with process.
>
> August 17 Plaintiffs affect service of the amended complaint on Breg.
>
> August 21 The 30-day removal period following original service of process on Breg expires, two days before service of process on Federal Insurance is effected.
>
> August 23 Service of process (amended summons and amended complaint) on Federal Insurance is effected for the first time.
>
> September 12 Defendants file joint notice of removal, 20 days following service of process on Federal Insurance.
>
> September 19 Defendants serve and file state court pleadings inadvertently omitted from notice of removal.
>
> September 22 The 30-day removal period following service of process on Federal Insurance expires.

MEMORANDUM

The sole issue before the Court is the timeliness of defendants' removal petition. It [*3] is untimely if measured from the date of service on defendant Breg, but timely if measured from the date of service on defendant Federal. [HN1] *28 U.S.C. § 1446* provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

[HN2] Courts have split on the application of *§ 1446* under this circumstance, some measuring the deadline for filing the notice of removal from service on the first-served defendant, others measuring it from service on the defendant filing the petition regardless of the presence of other earlier-served defendants. See *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P, 254 F.3d 753, 755-56 (8th Cir. 2001)*(discussing and comparing the competing positions). Relying on the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)*, [*4] which emphasized the importance of formal service in triggering a defendants' removal rights, Marano held that a later-served defendant has the right to petition for removal even if the time to petition has expired for an earlier-served defendant. *254 F.2d at 756*.

The issue was presented to the Seventh Circuit in *Boyd v. Phoenix Funding Corp, 366 F.3d 524, 530 (2004)*, which identified it as an issue of first impression in the Circuit. The Court discussed Marano's analysis approvingly. Id. Although it stopped short of explicitly adopting the rule that a later-served defendant has thirty days to remove it did so implicitly. The petitioning defendant in Boyd had been served more than ten months after service on the first defendant as a result of an assignment of the claim. Concerned with the potential for manipulation of the removal procedure by such assignments, the Court remanded the case for further fact finding on the relationship between the defendants and the nature of the assignment. Such a remand would have been unnecessary had the Court adhered to the first-served defendant rule, since the petition would have been untimely regardless [*5] of the relationship between the defendants.

Accordingly, this Court has no reluctance in accepting the Marano analysis. Unlike Boyd, the present case carries no potential for manipulation by defendants.

ORDER

IT IS ORDERED that plaintiffs' motion to remand is DENIED.

Entered this 17th day of November, 2005.

BY THE COURT:

JOHN C. SHABAZ

District Judge