UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET HOLMES,

    Plaintiff(s),

v.

    Civil Action No. 05 – 2023 (RBW)

PEPCO HOLDINGS, INC.

    Defendant(s).

## JOINT STATUS REPORT

The parties to this case, by their undersigned attorneys, pursuant to the August 9, 2006 Order for Initial Scheduling Conference, respectfully submit this status report.

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive has already been filed, the parties should recommend to the court that discovery or other matter should await a decision on the motion.**

    A.    Defendant intends to file a dispositive motion.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some of all the factual and legal issues can be agreed upon or narrowed.**

    A.    At this time, the parties do not feel that any additional parties will be needed.

3. **Whether the case should be assigned to a magistrate judge- for all purposes, including trial.**

    A.    Parties do not agree to have this matter assigned to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case.**

    A.    The parties can not make an assessment at this juncture of the case.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

    A.    Plaintiff prefers to have mediation early to avoid unnecessary discovery expenses. Defendant believes having mediation before discovery closes would be ineffective.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and relies; and proposed dates for a decision on the motions.**

    A.    Parties agree that the deadline for dispositive motions should be set after the completion of discovery.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

    A.    Parties have agreed to stipulate to dispense with initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answer**

to interrogatories, document production, requests for admissions, and depositions.

    A.    Parties have agreed that discovery be completed within 120 days. Plaintiff may request a protective order for her psychological records. Defendant may also request a protective order for personnel records.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions should occur.**

    A.    Parties agree that disclosure of expert witnesses can occur in the course of normal discovery, however, should a party disclose an expert witness late, it is agreed that an additional thirty (30) days of discovery will be necessary for the deposition of the expert witness.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

    A.    Parties agree that this is not applicable in this matter.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

    A.    Parties agree this is not necessary.

12. **The date of the pretrial conference.**

A. Parties agree that the pretrial conference should be set 30 to 60 days after Discovery closes and Motions for Summary Judgment have been ruled upon.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

   A. Parties agree that the Court should set the trial date at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

   A. Neither party wishes to add anything further at this time.

Respectfully submitted,

Natalie Ludaway /PVB
Natalie Olivia Ludaway, Esquire
LEFTWICH & LUDAWAY
1400 K Street, NW
Suite 1000
Washington, DC 20005
202-783-3420

*Attorney for Defendant*

Paul V. Bennett
Paul V. Bennett, Esquire
Federal Bar No. 10324
Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
410-974-6000

*Attorney for Plaintiff*